ABRAHAM SPEARS and others, *v.* FRANCIS TURPIN and others.

An account rendered by a clerk or book-keeper of a merchant or trader, showing a balance to be due to the party to whom it was rendered, is not binding on his employers, without evidence of other authority than that usually conferred upon such an agent, who has no more power to state an account and acknowledge a balance as due by his employers, than he has to bind them by signing a note. To acknowledge a debt, the power must be express and special. C. C., 2966.

Where the laws of another State are not proved to be different, they will be presumed to be the same as our own.

APPEAL from the District Court of the First District, *Buchanan,* J.

This was an action to recover the balance of an account, shown to be due by a statement made and signed by Brown, the clerk and book-keeper employed by the defendants. The latter denied that the account sued on was approved by them, or signed by any one authorized by them to sign it. It was established that the person by whom the account was made out and signed, was the book-keeper, or clerk of the defendants. There was a judgment in favor of the plaintiffs, from which the defendants have appealed.

*Chinn,* for the plaintiffs, cited *Barry* v. *Foyles,* 1 Peters, 311. *Rawson* v. *Adams,* 17 Johnson, 130. *Rich* v. *Broadfield,* 1 Dallas, 16. *Ship Portland* v. *Lewis,* 2 Serg. and Rawle, 197, 203.

*T. Slidell* and *Grymes*, for the appellants. The evidence shows, that the defendants were partners; that Isaiah M. Brown was the clerk and book-keeper of defendants; that the signature to the account annexed to the petition, " *Turpin, Watt & Co., per Isaiah M. Brown,*" is the proper hand-writing of Isaiah M. Brown.

There is no proof that Brown was a duly authorized agent of the defendants, clothed with authority to acknowledge a debt for them. But it is shown that Brown was their clerk and book-keeper, and on this the plaintiff relies.

The written statement by Brown, is the unsworn and *exparte* statement of a third person.

Such a statement cannot bind, without distinct proof of an authorization given by the party against whom it is used.

Even had it been shown, that Brown was the agent of the defendants in the transactions embraced in the account, no subsequent acknowledgment of his could bind them.

" The admission of an agent cannot be assimilated to the admission of the principal. A party is bound by his own admission, and is not permitted to contradict it. But it is impossible to say, that a man is precluded from questioning, or contradicting any thing any person has asserted as to him, as to his conduct or agreement, merely because that person has been an agent of his. If any fact, material to the interest of either party, rests in the knowledge of an agent, it is to be proved by his testimony, not by his mere assertion." Story on Agency, p. 128.

And the only exception is, where the statement or acknowledgement of the agent is part of the *res gestæ.*

" Thus, for example, what an agent has said, or represented at the time of the sale of a horse, which sale was authorized by his master—whether it be a representation, or warranty of soundness, or of any quality, will be binding upon the master. But what he has said upon the subject at another time, or upon another occasion, will not be so binding, for it is no part of the *res gestæ,* and did not attach as an incident or inducement to the sale. Story on Agency, p. 129.

The plaintiffs have not proved that this account was delivered by the defendants, nor even that it was a copy from their books.

The account does not even purport on its face, to be copied from the books.

GARLAND, J.   The petition states, that the defendants are merchants, transacting business in New-Orleans, in the name of Nugent, Turpin & Watt ; and at Grand Gulf, in the State of Mississippi, in the name of Turpin, Watt & Co.   The firm in this city, is sued for $2035 95, with interest, on an account against the firm at Grand Gulf.   The account is annexed to, and makes a part of the petition.   The caption is, " Messrs. Spears, Talbot & Co., in acct. with Turpin, Watt & Co."   Then follow various debits and credits, and at the foot is written :

" By bal. due you this day, $2035 95.

"  Grand Gulf, January 25th, 1840.

" TURPIN, WATT & Co.,

" *per* ISAIAH M. BROWN."

The defendants, after a general denial, specially deny that the account was ever approved by them, or signed by any one authorized to sign for them.

The evidence shows, that the account filed with the petition, is in the hand writing of Isaiah M. Brown, and signed by him ; that at and before the time it is dated, he was the " clerk, or book-keeper," of Turpin, Watt & Co. ; and it is further shown, that the defendants are the persons that compose that firm. The statute of the State of Mississippi was given in evidence, to show that the rate of interest was eight per cent, and for no other purpose.   There is no evidence, notwithstanding the special denial of the defendants, to show what special, or general powers Brown exercised or possessed, nor is there any of the correctness of the account, other than its production, and the acknowledgement as stated.

When the case was first tried, the plaintiffs were non-suited ; but a new trial was granted, and, on the same testimony, on a second trial, they had a judgment, and the defendants have appealed.

The correctness of this judgment rests upon the question, whether the rendition of an account, by the clerk, or book-keeper of a merchant, or trader, and an acknowledgment by him of a balance due, is obligatory and binding on such mer-

chant, or trader, without its being shown what power, or autho-
rity was conferred by the employer on such clerk, or book-keeper.
That there are acts and admissions, or statements of a clerk, or
book-keeper, which have bound, and will bind the employer, or
principal, is not doubted ; and the case cited by the plaintiffs'
counsel (2 Serg. and Rawle, 197), is an illustration ; but that
case, and those in 1 Peters, 311, and 17 Johnson, 130, are unlike
this, in several important particulars.   In the first, it was proved
that the person who gave the memorandums, or receipts, for
hides received at the tan-yard, had been the sole manager of it
for many years.   That he was in the constant habit of making
such purchases, of having leather made, and of selling it.   Nei-
ther of the proprietors resided in, nor very near the yard, and had
very little to do with its management ; and the party who was
sued resided about forty miles distant, and never visited the
place more than twice a year.   The case in Johnson's Reports,
is not that of a clerk, or book-keeper at all, but is based on a
promise of the defendant, made to the plaintiff, to become liable
for a third person, in the event of his purchasing hides to an
amount not exceeding one hundred dollars.   The purchase was
made, and it was held, that a receipt of the purchaser, and a
promise to pay for the articles, written on the back of the en-
gagement to become security, was sufficient to bind the party
who had agreed to become liable.

In this case, the acknowledgment of Brown, is relied upon
as evidence of a debt being due, or owing.   The Civil Code, art.
2966, says, to " acknowledge a debt," the power to the agent
must be express, and special.   This we must take to be, also,
the law of Mississippi, as the contrary is not shown.   The busi-
ness of a book-keeper is to make such entries in the books of his
employer as he is ordered to do, to keep the accounts, and, when
he is directed, to draw off, or copy from the books any that may
be wanted, and submit them to his principal, and then do with
them as he may be directed.   A mere clerk, or book-keeper, has
has no more right, of his own accord, to state an account in the
name of his principal, and acknowledge a balance as being due,
than he has to create a debt by signing a promissory note.   The
obligation is only different in form, but equally binding.   No

man would ever be safe, if it were permitted, that he should be bound by any and every account his clerk, or book-keeper, might state, and deliver to another person, acknowledging that a balance was due, or owing on it, without any other authority, than that conferred by law upon an agent of that description.

It is ordered and decreed, that the judgment be annulled and reversed, that the plaintiffs' demand be dismissed as in case of nonsuit, they paying costs in both courts.