**DI MAGGIO v. TARDO, Appellant**

---

(Mar. 14, 1927.    Opinion and Decree.)
(Apr. 11, 1927.    Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Obligations—Par. 16;
   Guaranty—Par. 3.

Parol evidence shall not be received to prove any promise to pay the debt of a third person.

Appeal from Civil District Court.    Hon. Percy Saint, Judge.

Action by Antonio Di Maggio against Nicholas Tardo.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

I. H. Barrios, Theo. Cotonio, of New Orleans, attorneys for plaintiff, appellee.

Buck, Walsh & Buck of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.    This is a suit to correct an alleged error in the settlement of a partnership and to set aside the same.

The plaintiff alleged that he and defendant had been partners; that on November 10, 1922, they dissolved their partnership as appears by an act before Theo. Cotonio, Notary, annexed to the petition; that in accordance with said act plaintiff paid to the defendant $898.67 for his share in said partnership; that later, after a checking of the partnership books, it was discovered that defendant owed the partnership $959.33; that the payment of $898.67 was due to the error on the part of the bookkeeper, who prepared the statement, in failing to charge defendant, Nicholas Tardo, with the debts of his son, Peter Tardo, to the partnership amounting to $783.74, which defendant had assumed.

The defendant admitted that the partnership once existing between him and the plaintiff and its dissolution and liquidation by act of Theo. Cotonio, Notary; and the receipts by him of $898.67, but denied all the other allegations of the petition.

There was judgment for plaintiff and the defendant has appealed.

The facts of the case are that upon the books of the firm of Di Maggio and Co., Peter Tardo, a son of the defendant Nicholas Tardo, appeared as a debtor to the firm

in two amounts of $787.74 and $161.24, making together $948.98.

Plaintiff's contention is that the defendant had assumed the payment of that amount and had authorized the bookkeeper of the company to charge his account with it, and that in making the settlement of of the partnership affairs the defendant, in error, had not been debited with that amount.

The plaintiff attempted to prove, by parole, this promise of the father to pay the debt of his son. This testimony was objected to and the objection was properly maintained under Article 2278 of the Civil Code which reads as follows:

"Parol evidence shall not be received to prove any promise to pay the debt of a third person."

This language is prohibitive, and it has been held that a court cannot consider the parole testimony admitted even without objection. Succession of Edwards, 34 La. Ann. 228-232; State ex rel. Fiebleman v. Judge, 45 La. Ann. 1426, 14 South. 428; Watson v. Jones, 125 La. 251, 51 South. 187; Guillot v. Guillot, 141 La. 81, 74 South. 702; No. 10,601 Orl. App.

Neither has the plaintiff any written promise by the defendant to pay the debt of his son. The plaintiff relies upon a pretended authority given by the defendant to the bookkeeper of the company to charge his account with that amount and to make an entry to that effect upon the books of the company by the bookkeeper, Doherty, the bookkeeper, does not state that he was authorized by Nicholas Tardo to make the entry. As to the item of $161.24 he says:

"Well, it was agreed, Mr. Jacobs told me charged when I fixed up the books 'the same as to the item of $783.74'. * * * Mr. Tardo knew nothing about making these entries; Mr. Tardo was supposed to agree to that * * * he never looked at the books at all."

"Q. Did Mr. Tardo tell you to make this charge against his account?
"A. He didn't say that directly; no, not to me. * * * He said nothing at all. I thought it was understood that it was to be charged."

The defendant denies vehemently that he ever promised to pay the debt of his son or that he authorized the charge upon his account of the debts of his son, or that he saw the charge upon the books.

"A bookkeeper cannot bind his employer by an unauthorized entry upon his books." C. C. 2997 Spears vs. Turpin, 9 Rob. 293.

The plaintiff has therefore failed to establish his case with sufficient certainty and the judgment in his favor must be reversed.

It is therefore ordered that the judgment appealed from be reversed and set aside. and it is now ordered that plaintiff's demand be rejected at his cost in both courts.