No. 426

First Circuit

---

KLEINPETER v. CONNELL

---

(April 13, 1929.  Opinion and Decree.)

---

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. Plaintiff owns a tract of land situated in the parish of East Baton Rouge, on which was standing a quantity of hardwood timber. Through the land there runs a small stream known as Ward's Creek. C. S. Witty, who made a business of buying, cutting, and hauling timber, entered into an agreement with plaintiff, whereby he was to sell and deliver to the Standard Box Company the hardwood situated on plaintiff's land, plaintiff to receive a stumpage price of $4 for the timber situated north of Ward's Creek and $5 for that situated south of the same creek.

Plaintiff had no confidence in Witty's promises or financial responsibility, and, before closing any deal for his timber, he warned Witty that he would let him cut and haul his timber to the Standard Box Company solely on the condition that the Standard Box Company would retain in its hands and pay directly to him (the plaintiff) the stumpage price of the timber delivered by Witty under the agreement. Witty having consented to this arrangement, the Standard Box Company was accordingly notified, and also agreed to this condition.

Witty then proceeded to cut and haul the timber situated north of Ward's creek, the Standard Box Company retained in its hands the stumpage due to plaintiff and paid same directly to plaintiff, and the agreement was fully carried out to the letter, when the Standard Box Company, having, for the time being, a sufficient quantity of timber on hand, temporarily stopped Witty in his deliveries.

About one month later, Witty was again requested by the Standard Box Company to resume deliveries of timber. Plaintiff, however, before permitting Witty to begin cutting and hauling the timber situated on his land, south of Ward's Creek, notified the Standard Box Company in order that it might continue to retain for his account the stumpage price which from that time was, according to previous agreement, to be at the rate of five dollars.

Notice of the resumption of the agreement was sent by plaintiff to defendant, through John McGregor, a deputy sheriff, whose veracity is unquestioned. McGregor testified that he had told Mr. Wax, manager of the defendant, that Mr. Kleinpeter had asked him to notify Mr. Wax that Mr. Witty was hauling five dollar timber, and to hold out the five dollars for him, and he further testified that Mr. Wax said: "All right, I will do it." Wax, through forgetfulness, or for some other unaccounted reason, failed to carry out his promise. Plaintiff in due time made demand on defendant for the price of his stumpage, was refused payment, and brought the present suit.

The district judge found in favor of plaintiff, and defendant has appealed.

The facts in the case have been set forth in substance as we read them in the record, and they seem fully to confirm the correctness of the judgment under revision. Part of the agreement had been carried out without any friction or trouble, and plaintiff was justified in the belief and conclusion that the whole contract, in the absence of any complaint by defendant, would be carried out in the same manner.

On the trial of the case, defendant objected to the admission of parol testimony to show that it had agreed to retain in its

hands, and to pay directly to plaintiff, the stumpage price of the timber, on the ground that it was an attempt by plaintiff to prove by parol, in contravention of the statute, a promise to pay the debt of a third person. The objection was properly overruled. When defendant agreed to retain the price of the stumpage for account of plaintiff, Witty owed nothing to plaintiff, and the promise was an original agreement and contract. The promise was not one to pay a pre-existing debt of a third person nor was it a parol agreement of suretyship, not provable by parol under C. C. art. 2278. Watson Bros. vs. Jones, 125 La. 249, 51 So. 187.

The judgment of the district court is affirmed.