No. 3477

Second Circuit
(Second Division)

CARTER ET AL. v. LOFTON

(June 11, 1931. Opinion and Decree.)
(July 16, 1931. Rehearing Refused.)

W. H. Walmsley, of Coushatta, attorney for plaintiffs, appellees.

Henry W. Bethard, Jr., of Coushatta, attorney for defendant, appellant.

CULPEPPER, J. Plaintiffs, Joel J. Carter and W. Peyton Carter, bring this suit to recover a balance alleged to be due by defendant, for goods sold and delivered to defendant in 1926, by Carter Brothers Company, a commercial partnership of Coushatta. They allege themselves to be, and it is admitted that they are, the assignees of the partnership.

Defendant alleged that he had from time to time bought goods from the Carter Brothers Company but that he had always promptly paid for whatever he had bought, and that he did not owe either the plaintiffs or the company. There was judgment for plaintiffs and defendant appeals.

On the trial it developed that the defendant arranged for a line of credit of $150, the goods to be delivered to Hunter, who is now deceased, but to be charged to defendant. Later, the line was increased from time to time. The account sued on is headed "J. L Loftin for A. B. Hunter." Mr. J. E. Holley testified that he was at the time interested in the partnership, and its bookkeeper, and that the account sued on was correct; that "Mr. Loftin was the man we sold the goods to * * * and delivered them to Mr. Hunter," and that they looked to Mr. Loftin for the payment of the account, and not Mr. Hunter. Mr. J. J. Carter testified, in substance, to the same effect. Asked if the agreement was, that defendant was to pay the account if Mr. Hunter did not, his reply was that "Mr. Hunter was not known in the proposition."

Mr. Lawson Carter testified that defendant arranged for goods to the value of $150 to be delivered to Mr. Hunter, but to be charged directly to defendant, and that Hunter was not known in the transaction. Later this limit was increased at the request of the defendant.

Mr. F. L. Teer, assistant bookkeeper, testified that he went to work after the original arrangements were made, but that

when the original limit of $150 had been reached defendant came in and gave instructions to continue to deliver goods to Hunter to finish the crop, and charge it to defendant's account.

Defendant did not himself take the witness stand but contented himself with introducing three documents, one of them being a receipt to A. B. Hunter, signed by the witness Teer, for $39.20, dated November 20, 1926, for which a corresponding credit is given on the account sued on. The second is a receipt dated October 28, 1926, for $9.77, issued to defendant, also signed by Mr. Teer, "balance a/c to date." The third is a form letter dated December 3, 1926, signed by the original partnership, on a typewriter, but with Mr. Hunter's name filled in in ink, also by Mr. Teer, and which reads as follows:

"We are closing our books for 1926, and will appreciate your settlement and oblige."

The testimony is undisputed that the defendant did arrange for his tenant Hunter to have a line of credit to be charged directly to the defendant. This was not a promise to pay the debt of a third person, but was a direct obligation incurred by the defendant; for which he is liable. Watson Bros. v. Jones, 125 La. 249, 51 So. 187.

And this agreement is not inconsistent with the receipts issued, for the account sued on was kept separately from the account charged to defendant for goods purchased for his own use. And the plaintiff would not, we think, be bound by the act of its assistant bookkeeper in writing a letter to Hunter in an effort to collect the balance due on account which would have enured to defendant's benefit. Spears v. Turpin, 9 Rob. 294.

The judgment appealed from is, therefore, correct, and it is accordingly affirmed.

ON APPLICATION FOR REHEARING

PER CURIAM. Defendant has applied for a rehearing upon the ground, mainly, that the court, in discussing the receipt filed in evidence, used the following language which is an assumption on the part of the court and not borne out by the evidence:

"And this agreement is not inconsistent with the receipt issued, for the account sued on was kept separately from the account charged to defendant for goods purchased for his own use."

Upon a careful examination of the record, the court fails to find any evidence to establish that plaintiff had more than one account against defendant upon its books. The court was in error as to the above statement of fact in its opinion. However, considering the very strong case made out by plaintiff, in chief going to establish the debt sued upon, the amount of which being a great deal more than that called for by the receipt in question, and that the amount sued for not having been paid, we think such a receipt as relied upon by defendant is entirely inconsistent with the claim of payment. While the record does not disclose that defendant had two accounts with plaintiff, one for goods purchased for Mr. Hunter, and one for those purchased for his own use, it is possible for such to have been the case.

Be that as it may, plaintiff made out a very strong case in chief. Defendant did not even take the witness stand to deny plaintiff's testimony, but relied upon the three documents filed in evidence, and we do not feel that these documents are sufficient, under these circumstances, to warrant the court in relying upon them to the extent of reversing the judgment of the lower court.

Rehearing is therefore refused.