LOTTINGER, Judge.
Plaintiffs, Frank G. Sullivan, Jr., the construction contractor, and Edward E. Evans, the engineer, for the construction of Astro-land Subdivision in Ascension Parish sued respectively for the balance of the contract price and engineering fees due to them. They made ATICO Mortgage Investors (hereafter ATICO); Harris Mortgage Corporation (hereafter Harris); Dutel Title Agency, Inc. (hereafter Dutel); Harry E. Cohen as nominee of the Trustees of ATI-CO Mortgage Investors (hereafter Cohen); as well as the owner of the subdivision, Three M-C, Inc., defendants. Three M-C, Inc. went into bankruptcy, and the Trial Court rendered judgment in favor of the other defendants, dismissing the plaintiffs’ suit at their cost. Plaintiffs have appealed.
ATICO was the primary lender; Harris was a secondary lender to the extent of ten per cent through ATICO; Dutel disbursed funds for the lenders; and Cohen signed the mortgage in behalf of the lender.
Plaintiffs allege that they were induced to enter into the construction contract with the defendant, Three M-C, Inc., because of arrangements and agreements with Three M-C, Inc. entered into with the other defendants, as follows:
1. Three M-C, Inc. executed a collateral mortgage for $1,750,000.00 which was placed on record in Ascension Parish. This collateral mortgage was accepted by Cohen.
2. By act under private signature Three M-C, Inc. entered into a construction and/or development loan agreement with Cohen.
3. By a notice recorded in the Mortgage Records of Ascension Parish addressed to “whom it may concern”, it was acknowledged that a construction and/or development loan agreement was entered into between Three M-C, Inc. as owner, ATICO as lender, and Dutel as disbursement agent, which agreement involved a construction loan in the principal sum of $1,750,000.00.
4. By letter dated October 13,1971, Harris assured Sullivan that it had arranged the necessary financing for the subdivision and that the funds for the development cost would be disbursed by their disbursement agent, Dutel.
5. Plaintiffs’ petition further alleges that Sullivan entered into a contract with Threé M-C, Inc. dated October 25, 1971 to construct improvements in Astroland Subdivision. As a condition to awarding the contract, the plaintiff Sullivan was required to sign a performance bond and to name ATICO, in addition to Three M-C, Inc. as beneficiary. Attached to the contract was a statement signed by Harry E. Cohen as *238 nominee of the trustees of ATICO Mortgagor Investors and Sullivan setting out that “they have approved a loan for the development contract herein and will disburse funds as provided in Page 3 herein based on the Consulting Engineer’s estimate.” Page 3 provides in part as follows:
“The Owner will make such partial payments as follows: ‘Ninety percent (90%) of the estimate, based on Contract prices, of labor and materials incorporated in the work up to the first day of the month, as estimated and approved by the Consulting Engineer or his authorized representative, less the aggregate of previous payments, will be paid on monthly estimates
FINAL PAYMENT: Upon satisfactory completion of the work the Owner will issue a written acceptance of the work to the Contractor who will immediately thereafter file same with the Recorder of Mortgages for the Parish of Ascension.’ ”
The Trial Judge in written reasons for judgment stated:
“We fail to find any agreement or understanding between the plaintiffs and the defendants that the lenders would disburse the entire cost of the project in the event that the owner became bankrupt, and since suretyship cannot be presumed, the suit of the plaintiffs will be dismissed at their costs.”
Plaintiffs-appellants contend that the Trial Judge erred in denying their claims by basing his reasoning on the principals of suretyship, and in not finding defendants primary obligors.
It is apparent, both in appellants’ brief and in oral argument that they have abandoned any contention that defendants are liable on the theory of suretyship. They argue, however, that the defendants are indebted to plaintiffs as primary obligors and rely on the case of Watson Brothers v. Jones, 125 La. 249, 51 So. 187 (1910), wherein the Supreme Court stated:
“There can be no objection to one’s contracting to pay for goods to be delivered, whether to the obligor, or to a third person, and the obligation resulting from such contract may be none the less a debt of the obligor because the third person, to whom the goods are delivered, also becomes bound for the price. If the condition of the contract is that the obligor is to pay for the goods only in the event that the person to whom they are to be delivered does not, then the latter is to be regarded as the principal debtor, and the contract is a collateral one, of suretyship, in which the obligor would be regarded as binding himself for the debt of another, and which could not be proved by parol evidence.”
In further support of their argument, plaintiffs-appellants cite to this court Jahncke Service, Inc. v. Fertel Corporation, 255 La. 503, 231 So.2d 560 (1970); Montelepre Memorial Hospital v. Kanbur, 170 So.2d 214 (La.App. 4th Cir. 1964); Hornsby v. Rives, 2 So.2d 532 (La.App. 2nd Cir. 1941); Carter v. Lofton, 17 La.App. 223, 135 So. 119 (2nd Cir. 1931); and Kleinpeter v. Connell, 10 La.App. 567, 121 So. 635 (1st Cir. 1929) as factually similar cases wherein the defendant was held to be a primary obligor.
Each case, however, must be decided on the facts as found in that case, and similar factual situations can only be used as an aid or guide to the court in determining whether the facts as presented justify the finding of a primary obligation.
As to the plaintiff, Edward E. Evans, the engineer, we find no facts in the record of this case from which this court could draw a conclusion that the defendants had obligated themselves as primary obli-gors to pay the fees of the engineer.
As to the plaintiff-appellant, Frank G. Sullivan, Jr., the letter dated October 13, 1971, from Harris to Sullivan merely verified that “necessary financing for the development” had been arranged, and it explained the disbursement procedure that Harris would use. As to that language which was attached to the construction contract between Three M-C, Inc. and Sullivan and provided that Harris had “approved a loan for the development contract herein *239 and will disburse funds as provided in Page 3 herein based on the consulting engineer’s estimate,” we do not find same to be sufficient to hold the defendants as primary obligors. Taken as a whole, we are convinced that this addendum to the contract did nothing more than assure the contractor that a loan had been approved and money would be disbursed. To find the defendants to be primary obligors, there must be more definitive language used.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All cost of this appeal to be paid by plaintiffs-appellants.
AFFIRMED.