No. 263.—W. B. GRAVES v. J. G. SCOTT and LEOPOLD BAER.

A guaranty is a promise to answer the payment of some debt or the performance of some duty in the case of the failure of another person who in the first instance is liable. It is the contract of suretyship expressed in the terminology of the law merchant, and modified perhaps in some respects thereby.

When, therefore, it appears by the plaintiff's allegations that he delivered cotton to S. on the guaranty of the defendant; that the defendant represented that S. would account for it, and that plaintiff still holds S. liable for it, a case is presented within the statute of 1858, which forbids the reception of parol evidence to prove a promise to pay the debt of a third person. R. S. 1870, 2820.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *Nutt & Leonard*, for plaintiff and appellant. *Robert J. Looney*, for defendant and appellee.

HOWE, J. The plaintiff made the following allegations in his petition:

"That at the special instance and request of the said Leopold Baer, and on his special recommendation and the guaranty of the said Leopold Baer, your petitioner delivered to the said John G. Scott twenty-five bales of cotton, weighing five hundred pounds each, on the thirtieth day of December, 1867, as per receipt, a copy of which is annexed and made part of this petition, and that on the twenty-eighth day of January, 1868, he delivered to the said Scott twelve bales of

cotton as agent of A. B. Pate, each weighing five hundred pounds, as per receipt, a copy of which is hereto annexed and made part of this petition."

He alleges that the said Baer induced your petitioner to turn over the said cotton to the said Scott on the representation of the said Baer that the said Scott would account for the same.

"Petitioner alleges that the said Scott has wholly neglected to account for the same, and has left the State of Louisiana after appropriating said cotton to his own use.

"Petitioner represents that said cotton is worth the sum of $3750, for which the said Scott and the said Baer are jointly and severally indebted to him."

And after alleging amicable demand from Baer, he prayed for judgment *in solido* against both Scott and Baer.

The receipts annexed to the petition read as follows:

"Received of W. B. Graves twenty-five bales of cotton, to be held thirty days subject to charges and advances, and if Doctor Graves places more cotton in my hands to secure me against decline, then to be held or sold as he may direct.

JOHN G. SCOTT."

"Received, Shreveport, January 28, 1868, of W. B. Graves, agent of A. B. Pate, twelve bales of cotton for shipment and sale at discretion of my commission merchant.

JOHN G. SCOTT."

Scott was not cited. Baer answered by a general denial, and a special denial of any knowledge of or responsibility for the transactions between plaintiff and Scott. There was judgment for plaintiff, and Baer appealed.

The only evidence offered by plaintiff was such as attempted to prove by parol the liability of Baer under the pleadings, and was objected to by the latter on the following grounds:

"1. Because the contract sued on is a commercial guaranty, and such contracts must be in writing, and show the consideration in writing.

"2. Because it is not competent to prove any assumption of plaintiff's debt from defendant Scott except in writing.

"3. Because the petition discloses the fact that the contract with defendant [Scott?] was reduced to writing, and it is not competent to contradict, vary or extend the writing, or to prove what was said before or after the execution of the writing."

These objections were overruled by the judge *a quo* on the grounds "that the plaintiff does not sue on a contract in writing, nor does the petition set up a contract to pay the debt of another person."

*First*—by the statute of 1858 (R. S. 2820), it is provided that "hereafter parol evidence shall not be received to prove any promise

to pay the debt of a third person, but in all such cases the promise to pay shall be proved by written evidence signed by the party to be charged, or by his specially authorized agent or attorney in fact."

Turning to the petition of plaintiff, we find that according to his averments he delivered the cotton to Scott on the guarantee of Baer; that Baer represented that Scott would account for it, and that plaintiff still holds Scott liable for it. We think it plain from these allegations that Scott was the principal debtor in the obligation, and that the contract of Baer was collateral. A guarantee, in the sense in which it is here used, is a promise to answer the payment of some debt, or the performance of some duty, in the case of the failure of another person who in the first instance is liable. Kent's Com., vol. 3, p. 121 ; Menard v. Scudder, 7 An. 385; Rev. C. C. 3035; Hernes v. Canfield, 9 M. 335.

In other words, the contract of guarantee here sued upon is the contract of suretyship, expressed in the terminology of the "law merchant," and modified perhaps in some respects by the provisions of that law, so far as they are incorporated in the jurisprudence of Louisiana. 9 M. 387.

We must conclude then that the judge a quo erred in deciding that the petition did not set up (as against Baer) a contract to pay the debt of another.

The plaintiff insists that under the jurisprudence of England and the common law States upon the statute of frauds, from which statute the provisions quoted from the law of 1858 are derived, the agreement betw en Graves and Baer was an original contract, and need not be in writing; and he cites the cases of De Wolf v. Rabaud, 1 Peters 476; Douglass v. Reynolds, 7 Peters 113, and Lee v. Dick, 10 Peters 482. In every one of these the promise was in writing. In the first the question was whether the consideration of this promise could be proved by parol, and the other two cases do not seem to be in point in favor of plaintiff. The numerous cases in which this provision of the statute of frauds has been discussed in England and the other States may be divided into three:

1. Where the guarantee or promise is collateral to the principal contract, but is made at the same time, and is an essential ground of the credit given to the principal debtor.

2. Where the collateral undertaking is subsequent to the creation of the debt and was not the inducement to it, and here there must be some further consideration shown.

3. Where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties.

The two first classes of cases are well settled to be within the statute. In the first the promise must be in writing. In the second the promise

and its consideration must both be expressed in writing. In the third no writing is necessary. Kent's Com., vol. 3, p. 121; Leonard v. Vredenburgh, 8 Johnson (N. Y.), p. 31. It is not necessary to decide that all these refinements will govern in the application of our statute of 1858. In some respects they do not. But we can say that looking at the plaintiff's petition from the point of view selected by himself, its case as against Baer falls within the first of these three classes, being colateral to the principal contract, made at the same time, and alleged to form an essential ground of the credit given to Scott, the principal deb'or. Such a promise must be in writing.

*Second*—This parol evidence being excluded, there is nothing left to support plaintiff's case, and the view expressed renders it unnecessary to dwell upon the other objections.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the demand of the plaintiff dismissed, with costs in both courts.

Rehearing refused.