No. 2378.—GEORGE MERZ *v.* LABUZAN & CARTER.

A promise to pay the debt of a third person can not be proved by parol testimony.  R. S. p. 284, § 1443.

<div style="float:right">23  747<br>45 1426<br><br>23  747<br>Case 1<br>125  251</div>

APPEAL from the Seventh District Court, parish of Orleans.  *Collens,* J.  *E. Howard McCaleb,* for plaintiff and appellee.  *J. McConnell,* and *Rogers & Blanc,* for defendants and appellants.

LUDELING, C. J.  The only question necessary to be decided in this case is whether or not a promise to pay the debt of another can be proved by parol evidence, although it has been received without objection?

The act of 1858, entitled "An act to require written proof in certain cases," declares "that hereafter parol evidence shall not be received to prove any promise to pay the debt of a third person, but in all such cases the promise to pay shall be proved by written evidence, signed by the party to be charged, or by his specially authorized agent or attorney in fact."  Acts of 1858, No. 208.  We do not see how courts can give effect to parol proof of a promise to pay the debt of a third person without disregarding the plain provisions of that law.  "Parol evidence shall not be received," etc.  Being a prohibitory law, whatever is done in contravention of its provisions are null.  C. C., art. 12.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment against the plaintiff, as in case of nonsuit, with costs of both courts