## No. 2963.

### BAKER & THOMPSON *v.* MRS. A. L. PAGAUD.

Assuming that a husband acted as the agent of his wife in matters connected with the general administration of her affairs or business, it must be shown that he had authority, express and special, sufficient to bind her by his promise to pay the debt of a third person.

Under the act of 1858 the promise to pay the debt of a third person can not be proved by parol. It must be in writing, the law is prohibitory, and this court can not recognize any other proof to establish the fact.

It is well settled that men who furnish materials have no privilege, if the contractor with whom they dealt had none.

The acknowledged account of plaintiffs against Allison, the contractor, did not give them a privilege on the property of defendant, for whose buildings Allison had bought materials from them. At most it only entitled them to such privilege as Allison might have.

Having failed to record his contract, Allison had no privilege; consequently the plaintiffs are in the same category.

Whatever sum the defendant may have in her hands, due on her contract with Allison, after deducting the amount expended to complete the buildings subsequently to Allison's abandonment of his contract, belongs to Allison, and it certainly can not be distributed among his creditors in this proceeding, because he is not a party.

The plaintiffs, who are creditors of Allison, have shown no authority from him to collect from defendant whatever sum she may owe on a final settlement.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J.* *Hornor & Benedict,* for plaintiffs and appellees. *Randolph, Singleton & Browne,* for defendants and appellants.

### ON MOTION TO DISMISS.

WYLY, J. The motion to dismiss this appeal for want of proper parties and because the appellant has no appealable interest, can not prevail.

There was no want of proper parties in the court below, and the appeal having been granted on motion in open court and the appeal bond being in favor of the clerk, there is no want of proper parties here.

As to the want of appealable interest, we will remark that the defendant is the appellant, against whom the plaintiffs, in their petition, prayed judgment for $1059 54 with interest at five per cent. per annum from the seventh of December, 1867. The amount in dispute between the plaintiffs and the appellant is the sum for which they prayed judgment against her, which far exceeds $500.

How therefore the plaintiffs can say that the defendant has no appealable interest, we can not imagine.

The motion is overruled.

### ON THE MERITS.

WYLY, J. In August, 1867, the defendant Mrs. A. L. Pagaud made a written contract with S. B. Allison, a builder, to erect a dwelling house on her lot on Dryades street and to furnish all the materials,

agreeing to pay therefor $3700 in the instalments mentioned in the contract.

Allison bought from the plaintiffs materials amounting to $1166 72. Before the second instalment was due Allison abandoned his contract; and Mrs. Pagaud completed the erection of the building. The plaintiffs sued Mrs. Pagaud for the price of the materials they furnished the delinquent contractor and sought to have recognized a privilege for the amount thereof on the dwelling of the defendant.

The court gave judgment against the defendant Mrs. A. L. Pagaud for $1199 10; but decline to recognize the privilege; and she has appealed. The appellees, however, pray for an amendment of the judgment so as to allow the privilege which they claim. As a question of fact we find that the debt sought to be enforced personally against Mrs. Pagaud was a debt contracted by Allison, the builder; it was his debt. The plaintiffs, however, attempted to prove that, through her husband as agent, the defendant promised to pay the debt. This attempt we regard as a failure for two reasons:

*First*—Assuming that the husband acted as the agent of his wife in matters connected with the general administration of her affairs or business, it is not shown that he had authority, express and special, sufficient to bind her by his promise to pay the debt of a third person.

*Second*—Under the act of 1858 the promise to pay the debt of a third person can not be proved by parol; it must be in writting. The law is prohibitory and the court can not recognize any other proof to establish the fact. Levy & Dieter v. DuBois et al, 24 An. 401; Merz v. Labuzan, 23 An. 747.

In regard to the privilege which the plaintiffs assert, we find no foundation for it, in view of the facts disclosed in the record. It is well settled that material men have no privilege, if the contractor with whom they dealt had no privilege.

" Mechanics, laborers, and furnishers of materials employed by one who has contracted for the erection of a building, are only entitled to the same privilege as the contractor, and when the contractor has failed to register his contract as required by law, those employed by him have no privilege." Allen, executor, v. Wills et al, 4 An. 97; Whitla v. Taylor, 6 An. 480; 16 An. 127; Revised Code, 2772, 2773, 2775.

The contract between Mrs. Pagaud and S. B. Allison, the contractor, was not recorded. The registry of the acknowledged account of plaintiffs against Allison did not give them a privilege on the property of Mrs. Pagaud; at most it only entitled them to such privilege as Allison might have. Having failed to record his contract, Allison had none. Consequently the plaintiffs have none.

Whatever sum Mrs. Pagaud may have in her hands, due on her contract with Allison, after deducting the amount expended by her to complete the building, belongs to Allison; and it certainly can not be distributed among his creditors in this proceeding, because Allison is not a party. The plaintiffs, who are creditors of Allison, have shown no authority from him to collect from Mrs. Pagaud whatever sum she may owe him on a final settlement. Assuming that she owes Allison the sum the plaintiffs insists is due by her to him, still Allison appears to be a necessary party, contradictorily with whom the settlement should be made.

It is therefore ordered that the judgment herein be annulled, and it is further ordered that there be judgment for the appellant, plaintiffs paying costs of both courts.

Rehearing refused.