(51 South. 187.)

No. 17,999.

WATSON BROS. v. JONES.

In re WATSON BROS.

(Jan. 3, 1910.)

*(Syllabus by the Court.)*

EVIDENCE—PROMISE TO PAY DEBT OF AN-
OTHER—PLEADING.

The allegations that A. made a contract with B. to the effect that B. should sell, and let C. (a tenant of A.'s) have, goods and supplies, and that A. should pay for them, does not set up a promise to pay the debt of a third person, since two persons may be bound, as principals, for the same debt; and hence parol evidence is admissible, in a suit against A., to prove the contract as alleged. If, however, it should appear from the evidence, so admitted, that A. was to pay for the goods only in the event that C. did not, the evidence would have to be disregarded, since, in that case, it would establish, as against A., an obligation to pay the debt of another, and parol evidence can neither be admitted nor considered, if admitted, for that purpose.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 146.*]

Action by Watson Bros. against Fed R. Jones. Judgment of dismissal, and plaintiff applies for certiorari and mandamus to Third Judicial District Court, Parish of Claiborne. Judgment set aside, and case reinstated.

E. H. McClendon, for relator. John A. Richardson, for respondent.

MONROE, J. Plaintiffs brought suit for $95 as the price of goods and supplies alleged to have been sold and delivered to Charles Pierson, Sr., and, the judge a quo having declined to hear their witnesses and dismissed the suit, they invoke the supervisory jurisdiction of this court for the review of his judgment. By way of answer and return to the rule nisi herein issued, the judge says:

"Plaintiffs introduced E. L. Watson, the senior member of the firm of Watson Bros., and, after his being sworn as a witness, the counsel for plaintiffs asked a few preliminary questions, and then commenced to interrogate the witness as to the contract between him and Fed R. Jones.. Defendant objected to any parol evidence to prove the allegations of the contract alleged on in plaintiffs' petition. The counsel for plaintiffs then stated to the court that the contract was not in writing, but verbal. Thereupon the court sustained the objection, and dismissed the case, as of nonsuit. A copy of the original petition, duly certified, is hereto annexed and made part hereof, to show the allegation of the promise to pay the debt of a third party. The petition has this allegation: 'They sold and delivered goods and wares to said Charles Pierson, Sr., per the itemized account hereto attached and made part hereof.' This court holds that this is, clearly, an allegation of a sale and delivery to a third person, and, in order to hold the defendant in this case responsible for this debt, the contract authorizing the sale must be in writing."

The petition in question alleges that defendant is indebted to plaintiffs, etc.,

"for this: That, in the preparation to make a crop for the year 1908, the said Fed R. Jones, who is a farmer, and had Charles Pierson, Sr., as one of his hands, or tenants, contracted with your petitioners to the effect that petitioners were to sell and let said Charles Pierson, Sr., have goods and supplies, during the crop year of 1908, and that he, Fed R. Jones, was to, and would, pay petitioners for the goods, at the usual price. Petitioners aver that, in compliance with said contract, they sold and delivered goods and wares to the said Charles Pierson, Sr., as per the itemized account hereto attached and made part hereof. There remains a balance of $95 still due petitioners for the goods sold and delivered to the said Charles Pierson, Sr., under said contract with Fed R. Jones, although a demand for the same has been made."

There can be no objection to one's contracting to pay' for goods to be delivered, whether to the obligor, or to a third person, and the obligation resulting from such a contract may be none the less a debt of the obligor because the third person, to whom the goods are delivered, also becomes bound for the price. If the condition of the contract is that the obligor is to pay for the goods only in the event that the person to whom they

are to be delivered does not, then the latter is to be regarded as the principal debtor, and the contract is a collateral one, of suretyship, in which the obligor would be regarded as binding himself for the debt of another, and which could not be proved by parol evidence. Graves v. Scott & Baer, 23 La. Ann. 692; Levy & Dieter v. Dubois, Lowe & Foley, 24 La. Ann. 398.

In this case, however, the petition alleges that defendant's obligation to pay for the goods was absolute, and we do not think that the effect of the allegation on that subject is, necessarily, destroyed by the further allegation that the goods were sold and delivered to Pierson, for, it will be observed, it is also alleged that they were so delivered "under said contract with Fed R. Jones"; that is to say, under a contract whereby Jones had bound himself, unconditionally, to pay for them. Of course, if the goods were "sold" to Pierson, he became a debtor for the price; but two persons may make themselves liable, primarily (and not, necessarily, in the relation of principal and surety) for the same debt, and that is what the petition seems to allege was done by defendant and Pierson. Whether the allegations in question will be sustained by the evidence can only be ascertained when the evidence shall have been admitted. If it shows that defendant was to pay only in the event that Pierson should not, it would have to be disregarded, notwithstanding its having been received, since it would, in that case, go to prove a promise to pay the debt of another. Merz v. Labuzan & Carter, 23 La. Ann. 747; Levy & Dieter v. Dubois, Lowe & Foley, 24 La. Ann. 401; Baker & Thompson v. Pagaud, 26 La. Ann. 221.

It is therefore ordered, adjudged, and decreed that the judgment complained of be set aside and that the case (of Watson Bros. v. Fed R. Jones) be reinstated and proceeded with in accordance with the views expressed in this opinion.