No. 9928.
Orleans Appeal.

B. P. BRAUD, INC. v. GEORGE C. BEARDSLEE, Appellant.

(February 16, 1925, Opinion and Decree.)

*(Syllabus. by the Court.)*

1. **Louisiana Digest—Guaranty—Par. 3.**
Parol evidence cannot be admitted and if admitted, cannot be considered to prove the obligation to pay the debt of a third person, but the fact that A and B agreed to pay for merchandise delivered to B can be proven by parol evidence and when established, both A and B will be liable as principals for two persons may obligate themselves to pay the same debt.

(Civil Code, Act 2278, Par. 3, for reference. Editor's note.)

Appeal from First City Court for the City of New Orleans, Hon. Henry Renshaw, Judge.

This is a suit on an open account.

Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Henry B. Curtis, attorney for plaintiff and appellee.

Thos. J. Dobins, attorney for defendant and appellant.

WESTERFIELD, J. Plaintiff is sued on an open account amounting to $125.00, all but one dollar of which represents the purchase price of four automobile tires delivered to and placed upon an automobile belonging to another.

The defendant claims that the automobile tires were not sold to him or upon his credit, but to the other party, one Barnes, who should pay for them.

There was judgment below in plaintiff's favor and defendant has appealed.

The record shows that defendant and Barnes were employed at the same establishment and on very friendly terms, though Barnes was a stranger in the City and their acquaintance not of long standing. Defend-

ant sold his automobile to Barnes who wished to equip it with new tires. Defendant accompanied Barnes to plaintiff's place of business and arranged for him to get the tires. He says he simply introduced Barnes and did not pledge his credit for the tires in any way, but the evidence is to the contrary and we must conclude that plaintiff sold the tires on the credit of defendant. Plaintiff did not know Barnes, who was a stranger in the City, and his statement that he would not have extended a credit of $124.00 to a stranger seems to us reasonable. But the transaction was not in writing and defendant by his exception of no cause of action, raises the issue as to parol proof of the obligation, to pay the debt of a third person under Art. 2278, R. C. C.

The petition alleges that the tires were sold to Barnes and that the defendant agreed to pay for them. Did the defendant bind himself as the primary obligor is the final question presented? The fact that the tires were delivered to Barnes or as the petition somewhat inartistically recites, "sold" them to Barnes is not conclusive, for one may assume the primary obligation to pay for goods sent or delivered to others, and the expression of such transaction as a sale to another is not fatal to plaintiff''s contention for the inquiry is addressed to the intention of the parties as shown by the circumstances of the case.

In the case of Watson Bros. vs. Jones, 125 La. 249, 51 South. 187, the Supreme Court in discussing a similar case, said:

"In this case, however, the petition alleges that defendant's obligation to pay for the goods was absolute, and we do not think that the effect of the allegation on that subject is, necessarily, destroyed by the further allegation that the goods were sold and delivered to Pierson, for, it will be observed, it is also alleged that they were so delivered 'under said contract with Fred R. Jones'; that is to say, under a contract whereby Jones had bound himself, unconditionally, to pay for them. Of course, if the goods were 'sold' to Pierson, he became a debtor for the price; but two persons may make themselves liable, primarily (and not, necessarily, in the relation of principal and surety) for the same debt, and that is what the petition seems to allege was done by defendant and Pierson. Whether the allegations in question will be sustained by the evidence can only be ascertained when the evidence shall have been admitted. If it shows that defendant was to pay only in the event that Pierson should not, it would have to be disregarded, notwithstanding its having been received, since it would, in that case, go to prove a promise to pay the debt of another. Merz vs. Labuzan & Carter, 23 La. Ann. 747; Levy & Dieter vs. Dubois, Lowe & Foley, 24 La. Ann. 401; Baker & Thompson vs. Pagaud, 26 La. Ann. 221.

In the case at bar three witnesses have testified that defendant ordered the tires charged to him at the time they were bought and it appears that three monthly statements were sent to defendant without any protest on his part, though he later did say the account was Barnes' and not his. It is true that Barnes also agreed to pay for the tires, but two persons may bind themselves as principals to pay the same debt. Defendant had an account with plaintiff previous to the tire transaction and Barnes was unknown to plaintiff and a stranger in the city. The trial court which heard the witnesses testify was of opinion that defendant had primarily obligated himself.

Under the circumstances, we conclude that defendant assumed the direct obligation to pay for the tires.

For the reasons assigned, the judgment appealed from is affirmed.