No. ——

First Circuit

COMMERCIAL LOAN COMPANY, INC., v. CHARLES JEFFERSON

(June 26, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**

The findings of the trial court on questions of fact being clearly correct are affirmed.

Appeal from the Eighteenth Judicial District, Parish of Pointe Coupee, Hon. Wm. C. Carruth, Judge.

Action by Commercial Loan Company, Inc., against Charles Jefferson. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. H. Morrison, of New Roads, attorney for plaintiff, appellee.

M. T. Hewes, of New Roads, attorney for defendant, appellant.

ELLIOTT, J.   Suit to recover price of a motor truck. Defendant contending that the debt, is that of a third person. That the truck was worn out and is no account; that the debt was extinguished, that defendant did not incur any personal responsibility, etc.   Judgment was rendered in favor of the plaintiff and defendant appealed.

Pointe Coupee Motor Co., Inc., sold a motor truck to Floyd E. Majors, on the installment plan, the purchaser granting and the seller retaining a special mortgage on the truck to secure the purchase price.

Commercial Loan Co., Inc., became the owner and the holder of the note representing the purchase price in due course before maturity. After making a number of payments, Majors sold and delivered the truck to Charles Jefferson; but before making the sale he· consulted Commercial Loan Co., Inc., and this company consented to the sale, agreed to take Jefferson as its debtor in place of Majors and to release Majors from all further liability on the note. Jefferson also consulted Commercial Loan Co. Inc., before buying and agreed with this company to receive the truck from Majors, take the place of Majors as its debtor on account of the truck and to pay to Commercial Loan Co., Inc., that part of the original price which remained unpaid.

In buying out Majors, Jefferson executed and delivered to him his note for $75.00 and when the note became due he paid it without complaint and further gave his check to Commercial Loan Co., Inc., paying the next installment due this company on account of the truck; and took possession of the truck as owner. He afterwards declined to pay any more, not because he had not bound himself to do so, but on the ground that the truck was not worth anything.

In a letter bearing date August 10, 1925, written by defendant in response to a letter from · plaintiff's attorney requesting payment of past due installments of the note, and threatening to seize the truck if the sums due were not paid; defendant practically admits liability to plaintiff for the truck under the agreement stated and states his willingness to relinquish it to plaintiff without a seizure. In addition to this letter, defendant in his answer practically admits the agreement above stated and that he had made a payment on the note which Majors had executed at the time of buying the truck and which is the obligation sued ·on. And as a witness on the trial, he admits executing a note in favor of Majors for $75.00 in extinguishment of Majors' interest in the truck and gave his ·check ·to the plaintiff, paying to the plaintiff the next installment on the truck, ·carrying out in his own name and behalf the agreement he had taken ·over from Majors, with the consent of the plaintiff.

Now, in such a situation, is the debt now sued for, still the debt of Majors, within the sense and meaning of the law, C. C., Art. 2278: and is Jefferson merely in the position of a verbal surety for Majors? Or is it the debt of Jefferson, based on his own promise and undertaking to pay? * * It can not be the debt of Majors, because Majors acting with the consent of plaintiff, sold and delivered all his right, title and interest in and to the truck to Jefferson and has been released from all liability on account of the truck under the obligation sued on.

Under the evidence, Majors was discharged from all liability on the obligation sued on; therefore it can not be his debt. As he was discharged, then Jefferson can not be held as occupying a surety-like. position under the obligation sued on, but as having taken over the obligation to pay for the truck and as having received the truck in consideration of the same. The situation is very much like that acted on by the Supreme Court in Watson Bros. vs. Jones, 125 La. 249, 51 South. 187.

It is our conclusion that Jefferson is sued for his own debt; that Majors is no longer a debtor on account of the truck. This appears to be the only serious question in the case. Defendant's further contention to the effect that the truck was of no value tends to confirm' our conclu-

sion .that he is the debtor. The evidence on that subject does not support the contention that the truck was not in good condition: at the time defendant acquired it. The facts do not establish that the plaintiff took the truck in extinguishment of the balance due on it. The truck must be sold as the law provides and defendant credited accordingly from the proceeds. We think the defendant did personally bind himself to pay for the truck.

The judgment appealed from is correct. Judgment affirmed.

Defendant and appellant to pay the cost in both courts.