## HARTMANN v. EBEYER

(January 11, 1932. Opinion and Decree.)

Swords & Jung, of New Orleans, attorneys for plaintiff, appellant.

F. B. Freeland, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. John F. Hartmann, a qualified and licensed certified public accountant, sued Paul Ebeyer for the sum of $233.13, claimed to be due for auditing services rendered.

Defendant filed exceptions of vagueness, no right or cause of action, and, reserving the benefit of the exceptions, which were referred to the merits, entered a general denial, the defense being that the services were rendered for account of Paul Ebeyer, Inc., and not for Paul Ebeyer, defendant, individually or personally.

There was judgment in favor of the defendant, dismissing the suit, and plaintiff has appealed.

The plaintiff testified that he went to the place of business of Paul Ebeyer, Inc., and began to audit certain books at the request and on the instructions of Paul Ebeyer. On cross-examination the plaintiff testified as follows:

"Q. Now, two or three days afterwards, you discovered that the books were the books of the corporation?
"A. Yes, sir.
"Q. What, if anything, did you say to Mr. Ebeyer then?
"A. I told Mr. Ebeyer 'Who is going to be responsible?' and he said 'It's all right, I'll try to get the corporation to pay the bill, but I'll be personally responsible.'
"Q. He told you he would try to get the corporation to pay the bill and if the corporation didn't pay it he would pay it?
"A. Yes, sir.
"By Mr. Freeland: At this time we renew our objection to all the testimony, and submit that on the testimony of the plaintiff himself, this is a case of the promise to pay the obligation of another and is not in writing and, therefore, he has no suit or standing in court.
"By the Court: In fairness to the witness, I'll not dismiss the suit, but I'll hear further evidence, in view of the fact that this statement on direct examination was that credit was given directly to Mr. Ebeyer."

But, notwithstanding the fact that the court liberally allowed plaintiff to explain the agreement, as he understood it, he failed to convince the trial judge that the defendant had employed him to perform the services for the defendant's personal account. In fact, the plaintiff, on cross-examination, further admitted that he had sent several bills to Paul Ebeyer, Inc., for

the purpose of collecting the fees in question, that, when the corporation was being liquidated, he filed a claim with the liquidator to be recognized as a preferred creditor, and that he was placed on the account in the liquidation proceedings of the corporation as a preferred creditor for the above claim. Such conduct on his part is wholly inconsistent with his present theory that the defendant is personally liable for the services rendered in auditing the corporation's books.

We believe the case of Lawrason v. Banister, 13 La. App. 610, 128 So. 318, 319, is controlling and decisive of the issues presented. In that case we said:

"The testimony convinces us that defendant, Dr. Banister, did agree to pay Dr. O'Ferrall's fee for services to be rendered to his injured brother, in the event that his brother did not pay it. But as Dr. O'Ferrall's testimony shows that it was his understanding of the agreement that if the defendant's brother did not pay the bill for his medical services to be rendered, the defendant would, the obligation was not a primary or a direct one, but a secondary or collateral obligation, and therefore not subject to proof by parol evidence.

"Article 2278 of the Revised Civil Code provides, in part, as follows:

"'Parol evidence shall not be received: * * * 3. To prove any promise to pay the debt of a third person.'"

See, also, Watson Bros. v. Jones, 125 La. 249, 51 So. 187.

Since the agreement between the plaintiff and the defendant was that, if the corporation did not pay the bill, the defendant would, and the agreement was not in writing, the case falls squarely under the article of the Code and above-cited decisions.

For the reasons assigned, the judgment is affirmed.