No. 3650

Second Circuit

(Second Division)

COLLIER v. BROWN ET AL.

(May 4, 1932. Opinion and Decree.)

568

Argued before STEPHENS, TALIAFER-
RO and CULPEPPER, JJ.

J. W. Jones, of Natchitoches, attorney
for plaintiff, appellee.

Gunter & McClung, of Natchitoches, at-
torneys for defendants, appellants.

TALIAFERRO, J. Plaintiff instituted this
suit against defendants to recover a bal-
ance due him on an open account. He al-
leges that the account arose in 1929, while
defendants were engaged in the operation
of a small sawmill, and while not aware
of the nature of the agreement between the
defendants with regard to the said sawmill,
the goods, gas, oil, etc., charged on the
account sued on, were sold at the solicita-
tion of each of the defendants and the ac-
count has been acknowledged by them and
a payment thereon made by defendant
Brown.

Defendant Willard did not answer suit.
Brown did. He denies any liability to
plaintiff and denies that he purchased any
of the goods charged on the account, and
denies that he and Willard were partners
in the operation of the sawmill.

The lower court gave judgment against
both defendants. Brown has appealed.

There is very little dispute over the
facts in the case. Plaintiff is engaged in
retail mercantile business in the village of
Campti, Louisiana. The defendant Willard
was in possession of a portable sawmill
and moved it on the lands of defendant
Brown for the purpose of manufacturing
Brown's timber, and other timber there-
about, into ties. Brown sold his timber to
Willard and purchased the output of the
mill. Beyond this, Brown appears to have
had no interest in the activities of Willard
or of the mill. About the time the mill
began operations, Brown accompanied Wil-
lard to plaintiff's place of business and
made them acquainted and informed Collier
that Willard purposed to start the sawmill
to running and then and there arrange-
ments were made for Willard to open an
account with plaintiff. The following testi-
mony of plaintiff reflects his understanding
of what was said and done at the time,
namely:

"Mr. Brown brought Mr. Willard around
and made him acquainted with me, and
told me he was going to operate a little
mill around there and let him have what
he needed and he would see that it was
paid."

He is corroborated by the testimony of
other witnesses. This evidence was object-
ed to as being inadmissible on the ground
that parol testimony could not be received
to prove a promise to pay the debt of a
third person. (Article 2278, Civil Code.)
The objection was overruled and the tes-
timony admitted. We think the ruling cor-
rect.

Defendants are sued as principals. There
is no allegation whatever in the petition
that defendant Brown stood good for the
account of Willard or became surety there-
for. If there had been such allegation, the
objection would have been good.

Defendant Brown admits he was instru-
mental in inducing plaintiff to extend cred-
it to Willard, but contends that he only
stood good for purchases of gas and oil
to operate the mill. The weight of the
evidence makes it certain that he is in
error as to restrictions being imposed by

him on plaintiff's sales to Willard. He says that the last payment of $75 made by him on the account did actually pay for the oil and gas charged thereon. However, in making prior payments for Willard, he does not appear to have given this phase of the account special attention. The merchandise purchased by Willard was first entered on small charge slips showing his name, with itemized list of articles purchased and price of each item. Thereafter, the record of the purchases was transferred to the ledger and carried into an account against Brown. He kept in touch with the account from time to time and, as Willard desired him to do so, made payments thereon, giving check or cash to Willard for that purpose. Payments thus made were charged to Willard by Brown. This mode of business continued until Brown notified plaintiff to discontinue Willard's account, and thereafter nothing was sold him on credit. The balance due on the account, $108.45, is being sued for.

It is certain plaintiff would not have extended credit to Willard, a total stranger to him, but for Brown's voluntary agreement to see that the account would be paid. By introducing Willard, under the circumstances, and recommending him to plaintiff for credit, Brown impliedly vouched for his honesty, and evinced an interest in Willard because of the fact that he was preparing to manufacture Brown's timber into ties and Brown expected to profit by purchasing the output of the mill.

Viewed in the light of all the circumstances, Brown's meaning and intent with regard to Willard's account, cannot be misunderstood. It is equally clear as to whom the credit was really given. If there had been any doubt on these two propositions, Brown has removed same by his own construction of his relationship to plaintiff. He kept in touch with Willard's dealing with plaintiff, made payments on the account for him, and when Willard's business was in such condition as to cause apprehension as to his ability to pay his debts, Brown notified plaintiff to discontinue the account.

It is our opinion the prohibition of subdivision 3, article 2278, of the Civil Code, does not apply in this case. Brown did not become the surety for Willard, nor the guarantor of his account, but became bound as principal with him for the payment of the account. Two persons may be bound as principals for the same debt, when, as between them, only one in reality should pay it. Watson Bros. v. Jones, 125 La. 249, 51 So. 187.

In the recent case of Wallenburg v. Kerry, 16 La. App. 221, 133 So. 823, we had occasion to review the authorities to a considerable extent, applicable to the principles involved in this case, and that case, in some respects, is pertinent to the instant one. It was there held that for business or pecuniary reasons a person may bind himself for payment of the debt of another—make his own obligation the primary, not collateral, obligation, and thereby take the case out of the prohibition laid down in article 2278 of the Civil Code.

The syllabus in Braud, Inc., v. Beardslee, 1 La. App. 623, is pertinent to the issues here discussed. It reads as follows:

"Parol evidence cannot be admitted and if admitted, cannot be considered to prove the obligation to pay the debt of a third person, but the fact that A and B agreed to pay for merchandise delivered to B can be proven by parol evidence and when established, both A and B will be liable as principals, for two persons may obligate themselves to pay the same debt."

"Where suit is brought against one for goods delivered to another, and the statute of frauds is pleaded as a defense, the decisive question is: To whom was the credit given?" Day v. Adcock, 11 Ala. App. 471, 66 So. 911.

"A promise, 'I will see it paid,' held not necessarily to import a collateral as distinguished from an original promise." Id.

We quote from syllabi in the following cases from other jurisdictions in support of our views:

"A direct and unconditional promise by one to pay for goods furnished to a third party, made prior to the delivery of the goods, and upon the faith of which the goods were delivered to such third party, is an original undertaking, which is not within the statute of frauds." Clark v. Jones, 87 Ala. 474, 6 So. 362.

"Where goods are sold and delivered to contractor for construction of owner's house, any promise of payment made by owner would be collateral and within statute, but where credit was given to owner of house, contract was not within statute." Shepherd v. Butcher Tool & Hdw. Co., 198 Ala. 275, 73 So. 498.

"A person held chargeable on an oral agreement to pay for goods sold to a third person." Cameron v. Haas Bros. Packing Co., 3 Ala. App. 520, 57 So. 388.

"A parol promise to pay for goods furnished another, if creating an original liability of the promisor to whom credit is solely extended, is not within the statute of frauds." Brewer v. Home Supply Co., 17 Ala. App. 273, 84 So. 560.

"Contract whereby seller delivers goods to one party on credit extended to other party is not within the clause of the statute relating to promises to answer for the debt of another." Morgan v. King, 128 Miss. 401, 91 So. 30.

The lower court held that defendants were bound as principals for the payment of plaintiff's account, and we think this holding correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed.