## NATIONAL MATERIALS CO. v. GUEST.
### No. 14280.

Court of Appeal of Louisiana. Orleans.
April 24, 1933.

Harold M. Rouchell, of New Orleans, for appellant.

Bert Flanders, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff is a commercial partnership composed of three brothers. Frank Riess, one of the brothers, is manager.

Defendant was formerly president of Guest & Bodenheimer Sheet Metal Works, Inc.

Plaintiff seeks to recover from defendant the purchase price of certain materials sold and delivered to the corporation, and liability in defendant is said to result from the alleged fact that in order to induce plaintiff to make the sale to the corporation, he agreed that he would personally assume solidary liability for the purchase price.

It is also asserted that at the time the sale was made the said Frank Riess, manager of plaintiff partnership, when he consented to extend the credit, was of the opinion that the legal entity to which the merchandise was being sold was a commercial partnership known as Guest & Bodenheimer, and did not know that it was a corporation bearing the name Guest & Bodenheimer Sheet Metal Works, Inc., and that, therefore, he assumed that Mr. Guest, defendant, in addition to the solidary liability which, by the alleged verbal agreement, he had expressly undertaken, was also solidarily liable by reason of his membership in the said commercial partnership which the said Riess believed existed and to which he thought the sale was being made.

In the answer several defenses were pleaded all but two of which have now been abandoned, and we find it, therefore, necessary to consider only those two. They are stated in defendant's brief as follows:

"(1) Did the defendant herein ever assume responsibility for the payment of the merchandise sold and delivered to Guest & Bodenheimer Sheet Metal Works, Inc.?

"(2) If the defendant did assume such responsibility, was this assumption a direct and unconditional one, or was it a collateral undertaking to answer for, the debt of a third person, and as such, within the statute of frauds covered by Section 3 of Article 2278 of the Revised Civil Code of Louisiana?"

In the district court there was judgment as prayed for, and defendant has appealed.

We find much authority to the effect that whereas the general rule in this state, as well as elsewhere, is that, as set forth in paragraph 3 of article 2278 of the Civil Code, "Parol evidence shall not be received: * * * To prove any promise to pay the debt of a third person," and that, therefore, no such promise, unless in writing, may form the basis of a suit, a plaintiff may by oral evidence establish liability in a defendant for merchandise delivered to a third person, if the said defendant can be shown by parol to have promised to pay the debt as his own absolute and primary obligation and has not made his promise conditional upon the failure of the third person to pay.

The distinction between a promise to pay the debt of another and the promise under which one undertakes the obligation of paying for goods to be delivered to another is well explained by our Supreme Court in Watson Bros. v. Jones, 125 La. 249, 51 So. 187, in which it was said:

"There can be no objection to one's contracting to pay for goods to be delivered whether to the obligor, or to a third person, and the obligation resulting from such a contract may be none the less a debt of the obligor because the third person, to whom the goods are delivered, also becomes bound for the price. If the condition of the contract is that the obligor is to pay for the goods only in the event that the person to whom they are to be delivered does not, then the latter is to be regarded as the principal debtor, and the contract is a collateral one, of suretyship, in which the obligor would be regarded as binding himself for the debt of another, and which could not be proved by parol evidence. Graves v. Scott & Baer, 23 La. Ann. 692; Levy & Dieter v. Du Bois, Lowe & Foley, 24 La. Ann. 398."

Defendant concedes the soundness of this doctrine, but maintains that he made no promise of any kind to bind himself personally. The parties then find themselves in accord as to the law applicable, and it results that the sole question that is really presented is whether or not Guest unconditionally bound himself to pay the debt which resulted from the sale of the goods.

Mr. Guest contends most emphatically that there was no such promise, and Mr. Riess, while he is unable to point out any words or statements of Guest, in which he made the alleged agreement, says that since at that time the credit of the legal entity which he knew as Guest & Bodenheimer was bad, he would not have consented to make the addi-

tional sale except upon the assumption by Guest of personal liability.

It is not contended that the sale was made to Guest alone, but only that it was made at his solicitation and on his assumption of liability. Since, therefore, the sale was made to the corporation, that corporation is liable, and if Guest is also to be held liable it must be as a solidary obligor or as surety.

■■ If he is to be held as 'surety, then there must be written evidence that he assumed the obligations of a surety. See Watson Bros. v. Jones, supra. If he is to be held as a solidary obligor, then there must be either expressed assumption of such liability or it must result from some provision of the law, for under Civil Code, art. 2093: "An obligation in solido is not presumed; it must be expressly stipulated. This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law." If then there was no expressed stipulation there could be no solidary liability unless such liability resulted as a matter of law from the fact that defendant is a member of a commercial partnership. If such were true, then under the article there need be no express assumption of such liability because it would be created by law. But defendant cannot be held as a member of the commercial partnership because there was no such partnership, nor is there any showing that he did anything to mislead Mr. Riess into believing that he was a member of such a partnership.

■ It may well be that Mr. Riess fully believed that Mr. Guest intended to bind himself unconditionally as a solidary obligor because Mr. Riess, familiar as he was with the fact that he had no intention of extending credit to the corporation or to the partnership, as he believed it was, without the personal assumption of liability by Mr. Guest, believed that he communicated that fact unequivocally to the latter; but his testimony shows no definite statement was made by Guest in which he assumed such liability and, therefore, to hold Guest liable solidarily would be to hold him because of Mr. Riess' presumption that Mr. Guest's language and action could be so interpreted.

■ It is always unfortunate when parties to commercial transactions find, after it is too late, that they have misunderstood each other, but where the law is designed especially to prevent such misunderstandings, we are powerless to do other than to follow that law. It results that where the law itself says that in certain situations conclusions may not be drawn, but that definite concrete statements alone can be relied on, we are unable to grant to a plaintiff, who has relied on his own assumption, the remedy to which he thinks he is entitled no matter how well founded and bona fide may be his belief in the soundness of the conclusions which he has drawn.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed and that plaintiff's suit be dismissed at its cost.

Reversed.