Plaintiff, a retail merchant, instituted this suit against defendant to recover judgment for $159.92 alleged balance due on open account. Liability is contested to the extent of $107.54, being for balances due on accounts of one J.D. Harrison and one Horace Tippit, charged into the account sued on. There is no dispute as to the correctness of the balances due on the Harrison and Tippit accounts, $68.28 and $39.26, respectively. Eliminating these two charges there remains a balance of $52.38 not in contest.
Testimony offered to prove defendant's liability for the Harrison and Tippit accounts was objected to on the ground that it was an attempt to prove by parol evidence the promise to pay the debt of a third person, reprobated by Art. 2278 of the Civil Code. The proffered testimony was admitted subject to the objection and finally was ruled to be competent. Judgment went for plaintiff and defendant appealed.
The facts of the case are brief. If plaintiff's version thereof is to be accepted as correct, defendant unconditionally obligated himself as principal to pay the accounts of Harrison and Tippit before any purchases were made by either. Testimony to prove such an obligation is not banned by the inhibition of said Article of the Civil Code.
Defendant denies positively that he made any agreement whatever with plaintiff regarding these accounts or the payment thereof. A question of credibility, as between the litigants, was tendered to the trial court. It was resolved against defendant.
Harrison and Tippit (colored) were employees of defendant. Each operated one of his trucks and hauled logs for him. Neither enjoyed credit with plaintiff. He sold them on credit only because of defendant's obligation to pay their accounts. Before any purchases were made by either, defendant accompanied them to plaintiff's store and arranged with him for extension of credit to the extent involved herein. On the subject, plaintiff gave the following testimony:
"Q. What did Mr. Rives say to you when he made the arrangements? A. Well, he came to me and told me to furnish these two parties; they were driving trucks for him, hauling my timber, and he would use me as his paymaster until he got some money, and would take care of it, — take care of all gas, groceries, charging each man with the stuff he got; he would use me as his paymaster until the (he) got some money started.
"Q. To whom did you send the bill? A. Wince Rives.
"Q. He made payments on that? A. He made payments on the whole total."
* * * * *
"Q. Now, Mr. Hornsby, what happened there — Wince Rives told you, as I understand your testimony, to go ahead and sell the goods to Horace Tippit and J.D. Harrison, and he would pay for them, — pay their bill? A. He was working them; had me to furnish him and the men. *Page 534 
"Q. He told you to go ahead, sell them this goods, they were his employees, he would pay their bill? A. Yes, sir.
"Q. But he didn't do that in writing, did he? A. No, sir."
Naturally, as correct business and also at defendant's request, the accounts of Harrison and Tippit were kept separate from each other and from defendant's personal account. However, after the accounts were closed those due by Harrison and Tippit were charged into defendant's account and statements reflecting this action mailed to him. He acknowledged receipt thereof but registered no objection to the procedure. He made payments on both of said accounts and also on his own. Plaintiff made no demand upon either Harrison or Tippit for payment of their accounts and at no time looked to them for payment thereof.
There are several strong circumstances which weigh heavily against defendant's contentions and which forcefully support plaintiff's position. At the date of trial Harrison was still in defendant's employ. He was not called as a witness by defendant. The inference arises that his testimony would not have aided the defense. It is not made certain that Tippit was in defendant's employ when the case was tried. Evidently he could have been found and used as a witness had defendant desired.
The payments made by defendant on the Harrison and Tippit accounts aggregate $50.15. He does not challenge the correctness or propriety of these credits. If he did not consider himself bound for the payment of these accounts, why would he have made payments thereon? If the payments making up the $50.15 were not properly credited on these accounts, they should have been credited on defendant's own account. If this had been done he would now owe only the small balance of $2.23, yet he makes no such contention.
In this case as well as in all others of like or similar facts, the primary question to determine is whether the obligation of the defendant is a collateral one, that is, one of suretyship. If so, parol testimony is incompetent to prove the agreement out of which such a relation arose. On the other hand, if the promissor has bound himself as principal with the person to whom credit is extended, the rule is different. The obligation then is independent and primary. The fact that both parties are responsible for the debt does not alter the situation so far as primary responsibility to the creditor is concerned. The leading case on this subject is Watson Brothers v. Jones, 125 La. 249, 51 So. 187, wherein the court said:
"There can be no objection to one's contracting to pay for goods to be delivered, whether to the obligor, or to a third person, and the obligation resulting from such a contract may be none the less a debt of the obligor because the third person, to whom the goods are delivered, also becomes bound for the price. If the condition of the contract is that the obligor is to pay for the goods only in the event that the person to whom they are to be delivered does not, then the latter is to be regarded as the principal debtor, and the contract is a collateral one, of suretyship, in which the obligor would be regarded as binding himself for the debt of another, and which could not be proved by parol evidence. Graves v. Scott Baer, 23 La.Ann. [690], 692; Levy Dieter v. Dubois, Lowe Foley, 24 La.Ann. 398."
In National Materials Company v. Guest, La.App., 147 So. 771, the court, as reflected from the syllabus, held:
"Though parol evidence is inadmissible to establish promise to pay debt of third person, it is admissible to establish absolute primary obligation to pay for goods delivered to third person (Civ. Code, art. 2278, par. 3)."
Collier v. Brown et al., 19 La.App. 567, 141 So. 405, is very much like the case at bar. Pertinent jurisprudence of this state and from other jurisdictions is cited and quoted from therein.
We agree with the trial judge in the conclusion that defendant unconditionally bound himself for payment of the accounts of Harrison and Tippit, and, therefore, the testimony offered to prove the agreement was properly received and considered. This testimony and pertinent circumstances and presumptions establish defendant's liability.
Appellant complains of the action of the trial judge in twice reopening the case on appellee's motion for the reception of additional pertinent evidence and/or testimony. No injustice has been done by the court's action. Motions of this character address themselves to the sound discretion of the trial judge who may *Page 535 
grant or refuse them in the interest of justice and orderly procedure. His discretion in such matters is almost plenary; and unless the discretion is abused or positive injustice will result from his action appellate courts will not undertake to override what in such matters has been done by him. Succ'n of Lefort,139 La. 51, 71 So. 215, Ann.Cas.1917E, 769; Gerth's Realty Experts, Inc. v. Kracke et al., 156 La. 36, 100 So. 41; Parker et al. v. Ricks, 114 La. 942, 38 So. 687.
The judgment appealed from is affirmed with costs.