HALL, Judge.
Plaintiffs sued on an alleged verbal agreement by defendant, president of a construction corporation, by which it is alleged defendant personally guaranteed the payment of all bills for labor and material growing out of a certain written construction contract between plaintiffs and the corporation. Judgment was rendered in favor of plaintiffs for $571.99 plus interest and costs, and defendant appealed.
The record reveals that on November 27, 1959 plaintiffs, as owners of certain prem- *144 Les in the City of New Orleans, executed a written contract with Louisiana Construction and Siding Co., Inc. as contractor, covering certain repairs and improvements on plaintiffs’ home. Defendant was president of, and represented the corporation in obtaining the contract.
The written contract obligated the corporation to furnish a lien bond but plaintiffs averred that at the time the contract was signed defendant orally represented to them that in lieu of a bond he would personally guarantee completion of the work and the payment of all bills for labor and material.
A loan was secured by plaintiffs , from First Homestead and Savings Association covering the amount due under the contract, and on December 21, 1959 the Homestead issued its check payable to plaintiffs’ order in the full amount of the contract price, but plaintiffs refused to endorse the check to the contracting corporation claiming that all the work called for in the contract had nut there been performed.
On December 27, 1959 defendant and plaintiffs agreed that certain minor items of work had to be done in order to complete the job, and, in order to obtain plaintiffs’ immediate endorsement of the check over to the corporation, defendant gave them his personal check payable to their order for $200.00 as a guarantee that the job would be completed. The check bears the written notation: “To guarantee completion of contract”.
Plaintiffs thereupon endorsed the Homestead check which was in due course deposited to the account of the corporation. The unfinished items of work were performed and the job was completed.
Plaintiffs did not deposit defendant’s $200.00 check until approximately six months later, at which time defendant’s account had been closed.
The Louisiana Construction and Siding Co., Inc. failed to pay for certain materials the corporation used on the job and the supplier secured a judgment against plaintiffs and the corporation in the sum of $571.99. The corporation became defunct and plaintiffs were forced to pay the judgment.
Plaintiffs instituted these proceedings to recover this sum claiming that defendant personally guaranteed the payment of all bills for labor and materials incurred by Louisiana Construction and Siding Co., Inc.
At the outset of the trial below defendant’s counsel objected to the use of parole evidence to attempt to prove a promise by defendant to pay the corporation’s debt. The objection was overruled by the Trial Court and the testimony was taken over the objection.
Defendant contends: (a) that the Trial Court erred in overruling the objection, and moreover, (b) that the testimony fails to show defendant guaranteed the payment of all labor and materials used on the job, the only guarantee shown being restricted to the completion of certain minor items in connection with which defendant issued his $200.00 check.
We find no necessity to discuss the testimony for the reason that it was clearly inadmissable and defendant’s objection thereto should have been sustained.
The general rule is stated in LSA-C.C. Article 2278:
“Parole evidence shall not be received :
“ * * *
“3. To prove any promise to pay the debt of a third person. «* * *
Plaintiffs contend that this case presents an exception to the general rule citing: Wallenburg v. Kerry, 16 La.App. 221, 133 So. 823; National Materials Co. v. Guest, La.App., 147 So. 771; B. & B. System Inc. v. Everett et al., La.App., 34 So. 2d 521; Fuselier v. Hudson, La.App., 93 *145 So.2d 266, to the effect that parole evidence is admissible to prove the assumption of a debt by one activated by a pecuniary interest of his own in making the agreement which thus becomes an independent undertaking on his part.
Both the general rule and the exception are firmly fixed in the law. The question is whether this case comes within the purview of the exception.
On this score the only connection shown between defendant and Louisiana Construction and Siding Co., Inc. is that he was its president and procured the contract with plaintiffs on behalf of the corporation. There is no showing that he had any interest otherwise in the corporation or the contract in question. Plaintiffs point to the following bit of defendant’s testimony contending that it shows defendant was the owner of the corporation and assumed its debts because he had a pecuniary interest in doing so:
“Q. But you didn’t guarantee the bills would be paid?
“A. The Corporation lost $150,-000.00.
"Q. On this contract?
“A. Oh, no, I lost 400-and-some-thing on this contract.”
Defendant’s answer to the last question is nowhere alluded to or explained. We do not agree that it constitutes proof that defendant owned the corporation. By saying “I lost” he may have meant “the corporation lost” but that would not necessarily mean that defendant sustained any personal loss. On the other hand if he meant that he personally lost $400.00 on the contract it is nowhere shown what personal pecuniary interest he had in the corporation or in the contract, and it is nowhere shown that his guarantee of the payment of the corporation’s bills (if he indeed did guarantee their payment, which is disputed) was motivated, or could be construed to be motivated by an attempt to prevent or minimize the loss.
In our opinion plaintiffs have not shown that this case falls within the exception to the parole evidence rule.
If defendant’s $200.00 check is regarded as written evidence of a guarantee, it was a guarantee limited to the completion of certain minor items of work, and the work was performed and the contract duly completed.
For the foregoing reasons the judgment appealed from is reversed and plaintiffs’ suit is dismissed, costs of both Courts to be borne by them.
Reversed and rendered.