BAILES, Judge.
This is an appeal from the judgment of the trial court awarding the plaintiff-appel-lee the sum of $885.77 allegedly due by Hartford Accident and Indemnity Company (Hartford) to plaintiff for drugs sold and delivered to the other named defendant, Reverend E. J. Hudson (Hudson). Hartford was the only party defendant in the trial court for the reason that the whereabouts of Hudson was unknown and he could not be located for service of citation. We find the trial court committed reversible error in rendering judgment against Hartford, and accordingly, the judgment appealed from is reversed.
In early September, 1965, Hudson, apparently an itinerant preacher, was injured in a fall in a commercial establishment of which Hartford was the public liability insurer. Later in September, 1965, plaintiff began to sell and deliver drugs to Hudson. In July, 1966, Hartford made a compromise settlement with Hudson for the sum of $2,-145.25, of which sum $864.65 represented the cost of drugs purchased by Hudson in the course of his medical treatment. These drugs were purchased from plaintiff. In the confection of this compromise settlement Hudson granted to Hartford a receipt, release and discharge from all claims arising from the accident.
In the petition of the plaintiff wherein Hartford was made a party herein, the only pertinent allegation connecting Hartford with liability for the drugs purchased by Hudson is the following: “That the defendant, Rev. E. J. Hudson purchased certain drugs from' the petitioner, and that these purchases were authorized by the defendant, Hartford Accident & Indemnity Co.”
Hartford filed an exception of no cause and no right of action a motion for summary judgment supported by affidavits, and an answer to the demands of the plaintiff. The trial court referred the exception and the motion for summary judgment to the merits and proceeded to try the matter on its merits.
In its specifications of error of the trial court, Hartford contends the trial court erred in not granting the appellant, Hartford, a summary judgment. While we are of the opinion this specification of error raises a valid objection to the procedural disposition of the cause below for the reason that a motion for summary judgment requires a hearing, and that it is not such a pleading which can properly be referred to the merits for such defeats the very purpose of the motion, we pretermit further discussion of this point. Inasmuch as the trial court did proceed to trial on the merits, we shall consider and dispose of the case on the merits.
*7 The trial court in its written reasons for judgment made the following observations :
“The court is of the opinion that Hartford Accident & Indemnity Company, through its agents, represented to Mr. DePaula, the plaintiff, that they would protect him and pay the bills received by Rev. E. J. Hudson." (Emphasis supplied.)
And later:
“ * * * it is the court’s opinion that the defendant insurance company did by its actions lead Mr. DePaula to believe that they were going to pay the drug bill of Rev. E. J. Hudson." (Emphasis supplied.)
As we read these reasons, the trial court erred in its application of the law to the case.
On its face and by well established jurisprudence, Article 2278 of our Civil Code, LSA-C.C. Art. 2278, abosolutely prohibits reception of parol evidence to prove a promise to pay the debt of a third person. Such a promise can only be proved by written evidence signed by the party sought to be held liable for the debt. By plaintiff’s own testimony Hartford executed no written agreement regarding the drug account under which drugs were delivered to Hudson. If as the trial court stated, the account was that of Hudson, then only by written proof could Hartford be held liable for it.
On the other hand, if the trial court found the account was Hartford’s, as the judgment would seem to indicate, it committed manifest error. Though it is recognized that the prohibition of Article 2278 is not applicable when the party against whom judgment is sought is, in fact, a primary obligor, see generally, Watson v. Jones, 125 La. 249, 51 So. 187; Rube v. Pacific Insurance Company of New York, La.App., 131 So.2d 240; Star Sales Company, Inc. v. Arnoult, La.App., 169 So.2d 178, the record fails to establish that Hartford assumed primary obligation for the account.
Posed against the testimony of the Hartford agent who handled the claim, that he emphatically told Mr. DePaula that Hartford would neither honor nor protect the account for drugs delivered to Hudson and in no way authorized the sale of the drugs to Hudson, is that of the plaintiff-
Testifying in his own behalf and subject to a general defense objection, Mr. DePaula gave this version of the opening" of the account:
“When I called Hartford Insurance Company, they told me at the present time-they weren’t sure they had an accident case, so I charged Rev. Hudson for his medication * * *.
“So I called them back, they said they would pay for his medication so I proceeded to give Rev. Hudson his money back for the prescriptions he had already paid for and started off a book with Rev. E. J. Hudson for Hartford Insurance Company * * ”
On cross examination plaintiff testified:
“ * * * I was charging Mr. Hudson for his medicine and in December when they told me that they would take care of his bills I started charging to Hartford, that is why you will find — I went back and charged the ninth and tenth month of ’65 to Rev. Hudson — I made the ticket out to Rev. Hudson then because he was paying for his medication. They said they would give his money back.”
From this testimony we cannot find' that Hartford was the primary obligor on the disputed drug account. At most, the Hartford agent contacted by Mr. De-Paula merely stated that the drug bill would be included in the settlement with Reverend Hudson for his tort claim, which it in fact was.
*8 We find plaintiff utterly failed to establish prima facie proof that the drug account of Hudson was the primary obligation of Hartford.
For the foregoing reasons the judgment rendered below is reversed and set aside. It is now ordered that judgment be entered herein in favor of the defendant, Hartford Accident and Indemnity Company, and against the plaintiff, Vincent S. DePaula, d/b/a Livingston Drug Store, dismissing his suit at his costs in both courts.
Reversed and rendered.