SWIFT, Judge.
Plaintiff, a former employee of Air-Lume Industries, Inc., filed suit on March 22, 1967, against such corporation for unpaid commissions or earnings amounting to $1,483.00. This sum was represented by seven checks, two dated December 1 and the others December 2, 1966, drawn on the Air-Lume bank account, which had been deposited and returned for insufficient funds.
Approximately eleven months later Bailey T. DeBardeleben, the former secretary-treasurer of Air-Lume, was joined as a defendant through an amended peti *742 tion. In this and in a second amended petition filed on January 13, 1969, it was alleged that DeBardeleben personally guaranteed the payment of all commissions earned by plaintiff which were not paid by Air-Lume.
Mr. DeBardeleben answered, denying the allegations of plaintiff’s petitions. Air-Lume filed no pleadings. After a trial on the merits plaintiff’s suit against DeBar-deleben was dismissed, but a default judgment was rendered against Air-Lume.
Plaintiff has appealed from that part of the judgment dismissing his claim against DeBardeleben.
The trial judge found there was no written evidence of any personal guarantee by Mr. DeBardeleben of Mr. Martinez’s earnings, and that the parol evidence presented to plaintiff to establish such an agreement, which was admitted over defendant’s objection based on LSA-C.C. Article 2278(3) was insufficient to satisfy the required burden of proof.
Article 2278(3) prohibits the reception of parol evidence to prove a promise to pay the debt of a third person. However, the rule is not without exception, such as where the promissor intended to pay the debt as his own primary obligation rather than as a collateral agreement of surety-ship conditioned on the debtor’s failure to pay. Wallenburg v. Kerry, 16 La.App. 221, 133 So. 823 (2 Cir. 1931); National Materials Co. v. Guest, 147 So. 771 (La.App. Orl.1933).
It is unnecessary for us to decide in this case, however, whether or not the evidence offered by plaintiff was properly admitted under the exception to the parol evidence rule, because even so we find no error in the trial judge’s conclusion that such evidence was insufficient to establish the existence of the alleged promise.
Appellant testified that he had experienced difficulty in collecting his wages when previously employed by Air-Lume. Therefore, he refused to be reemployed until he received a personal wage guarantee from Mr. DeBardeleben. According to Mr. Martinez, the guarantee was given at a meeting attended by him, DeBardeleben and Robert Martin, Air-Lume’s former president some time in August, 1966. However, appellant admitted that he never made any demand on Mr. DeBardeleben for payment of the commissions prior to filing the amended petition on February 28, 1968.
Mrs. Martinez, appellant’s wife, who was employed by Air-Lume as a secretary, testified that she overheard a conversation between Mr. Martin and Mr. DeBardeleben in which the latter stated he would “stand good” for any money earned by her husband.
Both Mr. Martin and Mr. DeBardeleben denied any promise by the latter to personally discharge Air-Lume’s obligations to the appellant. They testified that the purpose of the meeting in August, 1966, was to discuss whether or not Martinez would be allowed to become an owner of the stock in the corporation.
Although Mr. DeBardeleben’s signature appears on the above mentioned checks, it is obvious that he signed them in the capacity of secretary-treasurer of the corporation. Appellant admitted he was aware of the fact that DeBardeleben was required to co-sign all of Air-Lume’s checks at that time.
Considering the evidence presented, on the one hand we have the testimony of Mr. and Mrs. Martinez that there was an agreement whereby Mr. DeBardeleben personally guaranteed payment of appellant’s earnings. On the other hand, there is the testimony of Mr. DeBardeleben and Mr. Martin to the contrary.
The trial judge believed Messrs. DeBardeleben and Martin, and we certainly cannot say that he erred in this respect. Needless to say, the findings of fact of the trial judge, particularly those involving credibility of witnesses, are en *743 titled to great weight and will not be disturbed on appeal unless clearly in error.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.