CHASEZ, Judge.
Plaintiff, Sylvester J. Schloegel, owner of Schloegel Scale Service, instituted this suit against the defendants, New Orleans Transfer Co., Inc., d/b/a New Orleans Disposal Service, Inc. and Charles E. Mull, seeking to recover $624.49 for repairs made on a certain weigh scale owned and operated by Crescent City Cullet Company.
After trial on the merits, judgment was rendered by the trial court in favor of the plaintiff and against the defendants, jointly, severally, and in solido for the full sum as prayed for. Defendants have appealed.
. Crescent City Cullet Company, a business which buys broken or refuse glass, owns and operates a scale used to weigh truckloads of cullet. On June 8, 1970 this scale was damaged when a truck owned by defendant drove onto the scale. The owner of the glass Company, Melvin Fonseca, spoke to Charles E. Mull, Vice-President of operations for defendant. Mull requested Fonseca to get an estimate of the repairs. Fonseca then called the plaintiff who made the required repair estimate on the scale and attempted to submit same to Fonseca and the Crescent City Cullet Company. Fonseca informed him, however, to present the estimate to Charles Mull of the New Orleans Disposal Service. Mull received the estimate and told the plaintiff that he would forward it to their insurance company for processing.
Fonseca later called Mull seeking to find out when the scale would be repaired. Mull explained that the matter had been submitted to the insurance company and as soon as he heard from them he would let Fonseca know. Some four days later, according to Fonseca’s testimony, Mull called him and told him to proceed with the repairs. Fonseca, however, requested Mull to call the plaintiff and inform him as Fonseca was not doing business with him.
Plaintiff testified that Mull called him and authorized him to proceed with the repairs. Plaintiff’s son, Edwin Schloegel, attested to the fact that he was in the office when someone, he did not know whom, called and that after the phone call his father told him that the repair work was authorized. Subsequently, the scale was repaired on the 28th through the 30th of June, 1970. Plaintiff then submitted an invoice to defendant for the cost of the repairs, totalling $624.49.
Mull denied phoning plaintiff or Fonseca authorizing the repairs. However, when plaintiff requested payment Mull referred him to the insurance company who was handling the claim. The insurance company disallowed the claim and the defendant filed suit, which resulted in this action.
There was never any written agreement between the parties and if any contract exists, it must of necessity be an oral contract.
Defendant in this court cites LSA-C.C. Article 2278(3) as controlling in that parol evidence is not admissible to prove a promise to pay a debt of a third person. However, parol evidence is admissible where a promisor intended to pay a debt as a primary obligation rather than as a collateral agreement of suretyship. Martinez v. Air-Lume Industries, Inc., 233 So.2d 741 (La.App., 4th Cir., 1970).
In Rube v. Pacific Insurance Company of New York, 131 So.2d 240 (La.App., 1st Cir., 1961) the court stated:
“The reason for the rule and the exception thereto are set forth in Hornsby v. Rives, La.App., 2 So.2d 532, 534, as follows:
“ ‘In this case as well as in all others of like or similar facts, the primary question to determine is whether the obligation of the defendant is a collateral *110 one, that is, one of suretyship. If so, parol testimony is incompetent to prove the agreement out of which such a relation arose. On the other hand, if the promissor has bound himself as principal with the person to whom credit is extended, the rule is different. The obligation then is independent and primary. The fact that both parties are responsible for the debt does not alter the situation so far as primary responsibility to the creditor is concerned.’ ”
The defendant in the present case acted as a primary obligor. We note that after the scale was damaged defendant advised Fonseca to send further truck loads of glass to another place in order to have them weighed and any resultant cost for this would be reimbursed by defendant.
We are convinced that defendant accepted the position of primary obligor and that in no way was this a surety agreement. Defendant accepted the estimate for repairs and sent it, along with an accident claim, to its insurance company. Defendant would have us believe it was merely a middle man and that any claim for repairs must be made against its insurance company. However, when defendant instituted proceedings of claim against its insurer it acted as primarily responsible for the damage. It is not incumbent upon plaintiff to seek reimbursement against the insurance company, he need only look to the party requesting his services.
The trial court had to find that Mull on behalf of New Orleans Disposal Service authorized the repairs. We concur in this finding. That such authorization was made is corroborated by both plaintiff’s and Fonseca’s testimony, as well as the attendant circumstances surrounding the transaction.
Defendant’s second contention of error relates to the trial court’s judgment against Charles Mull, jointly, severally, and in solido, with New Orleans Disposal Service. We agree that Charles E. Mull as Vice-President of operations, acting within his apparent scope and authority, is not liable for the debt of the corporation. The very act of incorporation limits the liability of officers acting within their scope of authority, and officers or agents are not personally liable, absent acts ultra vires or fraudulent. Accordingly, we amend the judgment to reflect non-liability of Charles E. Mull.
Plaintiff has before this court requested damages for frivolous appeal. However, we find defendant’s appeal involves a justi-ciable controversy and possesses merit as witnessed by our amending judgment.
For the above and foregoing reasons, the judgment of the lower court in favor of the plaintiff and against the defendants, New Orleans Disposal Service, Inc., and Charles E. Mull, jointly, severally, and in solido, is amended dismissing the action against Charles E. Mull and, as amended, the judgment is affirmed.
Amended, and as amended, affirmed.