LEMMON, Judge.
Lloyd P. Toups, d/b/a Lloyd P. Toups Trucking, filed this suit to recover the sum of $6,562.50 allegedly due him for hauling sand and gravel for Ace Ready Mix Concrete, Inc. between February 26, 1968 and May 26, 1968. Ace stipulated that the invoices attached to the petition were correct, but defended the suit on the basis of a verbal agreement with Toups to credit the invoice charges to accounts payable to Ace by two corporations, Toups Lumber and Building, Inc. and Toups Construction Company, Inc. The trial court dismissed Toups’ suit after a trial on the merits, and he appealed devolutively.
Toups and his father had been in business together since 1962. Toups testified that he was a minor stockholder in the two corporations, but other testimony indicated that he transacted all business with Ace for the corporations and also kept all of the books during the period in question.
Ace opened a concrete plant in Cut Off in October, 1967. About the same time Toups purchased a truck and began hauling sand and gravel to Ace’s plant for H & W Gravel Company. In the meantime the lumber company account with Ace mounted from a zero balance in December to $2,400.93 on February 21, 1968. Elmo Pitre, an Ace executive, testified that Toups approached him seeking hauling jobs, and Pitre suggested an arrangement whereby hauling charges would be credited against the balances on the two existing accounts. Pitre stated that the Board of Directors would authorize employment of Toups on this basis only, since Ace had its own truck which would be partially idle while Toups was hauling. Thereafter, Toups began hauling and rendered weekly invoices. Upon receipt of each invoice, Ace issued a credit memorandum to the lumber company, whose post office address was the same as that on the “Lloyd P. Toups Trucking” invoices.
While Toups was hauling, Ace extended additional credit to the two corporations, and also issued a check in the amount of $500.00 to the lumber company at the request of Toups’ wife for money to pay necessary expenses. On June 3, 1968 Ace issued a check in the amount of $1,241.94 to “Toups Lumber Yard”, marked “payment of balance due.” This was the exact amount of the credit balance in that account as reflected on Ace’s ledger sheet on May 27, 1968, after hauling charges through that date had been credited.
There were further minor transactions and additional hauling. Then, near the end of the period covered by the invoices, Toups and his father met with Ace’s officers and accountant and, according to Pitre, were apparently satisfied with the accounting, which showed a small debit balance in one account and a slightly larger credit balance in the other. Pitre stated that the propriety of the crediting ar *257 rangement was not questioned at the meeting.
In September and October, 1968 Toups rendered further hauling services for Ace, and his invoices were paid. This suit was filed in April, 1969. At the time of trial the two corporations were insolvent and out of business.
Toups argues that he severed his relationship with the corporations and began a hauling business with his own truck before the work covered by the invoices was performed. He therefore maintains that the charges for his hauling as an individual proprietorship could not be set off against debts owed to Ace by the corporations in the absence of a specific agreement, which he denied making. The trial judge found as a fact that Toups did agree to haul sand and gravel in exchange for credits to the two accounts. There is no manifest error in this finding of fact, which is amply supported by the evidence.
However, relying on C.C. art. 2278,[1] Toups argues that the previous debts were the obligations of the two corporations, and that only written evidence was admissible to prove that he, as an individual, promised to pay these debts for which he was not individually liable.
There was no promise to pay the debt of a third person in this case. Perhaps if Toups had simply promised to pay corporation debts for which he was not individually liable, parol evidence would be inadmissible to prove this promise in a suit against him for a money judgment. But the agreement between Toups and Ace in this case was a commutative contract, in which Toups obligated himself to haul sand and gravel in return for Ace’s promise to discharge the debts owing by the two companies. Furthermore, the contract was fully performed by both parties.
The judgment is affirmed.

. C.C. art. 2278 provides in pertinent part:
“Parol evidence shall not be received:
í*í ;{< sj: s}s s¡:
“3. To prove any promise to pay the debt of a third person.
:!s s{c % í*í :H
“But in all cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise or by his agent or attorney in fact, specially authorized in writing so to do.”