BAILES, Judge Pro Tem.
This is an appeal from the judgment of the trial court denying recovery to plaintiff in its action on open account to collect $2,395.41 allegedly owed by defendant. We find no error in the judgment of the trial court. Accordingly, we affirm.
Appellant alleged in its petition which initiated this suit that the defendant opened an account in his own name with plaintiff for the purchase of certain building materials; that from January 25, 1974, through April 6, 1974, petitioner herein did sell to and deliver certain building materials for and on account of defendant, and that said materials were delivered to lots owned by one James R. Lewis, to whom plaintiff was instructed by defendant to deliver said materials which were to be charged to defendant.
Defendant’s answer was the equivalent of a general denial.
From the record we find the following facts:
Mr. James R. Lewis was a Baton Rouge builder who had engaged in this business *173 for several years. During this time he had purchased from plaintiff certain building material used in the construction of residences. In recent time he had financial problems resulting in a debit balance with plaintiff of an amount in excess of Ten Thousand Dollars. His inability to pay outstanding obligations had progresssd to the point that about the middle of January, 1974, plaintiff closed his account and advised him he could not obtain further credit.
On the occasion of plaintiff withdrawing further credit to Mr. Lewis, the plaintiff’s version of what occurred is that when Mr. Jack Woosley, stockholder and manager of plaintiff corporation, advised Mr. Lewis at plaintiff’s place of business that no further credit would be extended him, Mr. Lewis asked Mr. Woosley if he would consider selling the materials needed to complete the two pending jobs to defendant. Mr. Woosley said that he would. At that time, according to Mr. Woosley, Mr. Lewis called defendant on the telephone and asked him to come to plaintiff’s place of business. Mr. Woosley’s version of that transpired is that defendant, within a short period of time (that same morning), came to plaintiff’s store. Mr. Woosley told defendant that $2500 to $3000 in materials were needed by Mr. Lewis to complete two residences.
On this point, Mr. Woosley testified:
“He (referring to defendant) offered to let the material be charged to him for the balance of these two jobs and that he would pay for the material.”
It is plaintiff’s position that on the basis of this offer of defendant, it sold and charged the merchandise to defendant, although it was delivered to Mr. Lewis.
Mr. Woosley testified that at this meeting those present were defendant, Mr. Lewis, plaintiff’s bookkeeper, Mrs. Mary Katherine Herrin and Mr. James Callahan, a co-owner of plaintiff.
The essence of Mrs. Herrin's testimony is that Mr. Woosley instructed her to open an account for the defendant, which she did; that charges were made to it; and that invoices were mailed to the defendant.
Mr. Callahan testified the meeting between Woosley, Lewis and defendant was in progress when he entered. He stated that Mr. Woosley told him an account was to be opened for defendant and the materials needed by Lewis were to be charged to Grisaffe.
The defendant’s version of what transpired is quite different from that testified to by Mr. Woosley.
Mr. Lewis testified that he was at plaintiff’s place of business when Woosley advised him his credit was cut off. He denied calling the defendant to come to plaintiff’s place of business. He described the presence of defendant as a chance meeting at plaintiff’s store. He also stated that on one occasion the defendant gave him copies of some invoices from plaintiff with instructions to take care of payment when the sales of the houses are closed.
The defendant testified that on the day he had a discussion with Mr. Woosley and Mr. Lewis about the latter's past due account, he was driving to Mr. Lewis’ office, which is next door to plaintiff’s place, when he saw James Lewis’ truck at plaintiff’s place of business. He stopped and walked in on Messrs. Woosley and Lewis discussing the latter’s account.
Further, the defendant testified that he suggested to Mr. Jack Woosley that all the creditors of Mr. Lewis would have to be lenient, that if liens and suits were filed, the bank then would take action on Lewis’ loan, and that only the bank would realize any money. He denied receiving any telephone call from Mr. Lewis to meet with him at plaintiff’s place of business. He testified he did not recall Mr. Callahan being present, and finally, that he did not make any guarantee to pay Lewis’ account *174 or authorize any charges to his (the defendant’s) account.
At this point in time there was no business relationship between defendant and Mr. Lewis, except Mr. Grisaffe, as salesman for a brick company, had sold Mr. Lewis a large number of bricks for which Mr. Lewis still owed $12,000 to the brick company.
The trial court found that the defendant had assured the plaintiff that it would be paid something from the funds realized by Mr. Lewis from the sale of the residences constructed by Lewis. It was acknowledged by plaintiff that it received a payment of $1439.24 from the proceeds of the sale of the first house completed which was applied on a note held by plaintiff. Nothing was paid on the account, nor did plaintiff receive any funds from the sale of the second house.
No written evidence of a promise by defendant to pay the debt of Lewis was offered by plaintiff. The trial judge concluded from the evidence before him that the defendant did not authorize the charging of the merchandise delivered to Mr. Lewis to him, Mr. Grisaffe.
In his written reasons for judgment, the trial judge stated:
“ £ * %
“While, admittedly, there is substantial conflict in the testimony on this point, the court believes that the plaintiff has not established by a preponderance of the evidence that Grisaffe made a clear, unequivocable (sic) promise to pay, either as a guarantee or as a primary obligation, the charges incurred for materials delivered to Lewis’ houses. For that reason, the plaintiff’s claim should be denied. * *
We perceive no reason to disturb this finding of fact made by the trial court.
LSA-C.C. Article 2278, provides, in applicable part, that:
“Parol evidence shall not be received:
(( * * *
“3. To prove any promise to pay the debt of a third person.
“ * * % **
This provision of our civil code is sufficient to support the judgment denying the plaintiff recovery against defendant, unless the plaintiff’s claim falls within the exception to this rule of evidence.
This exception to which we refer is that recognized and stated by the court in Collier v. Brown, 11 La.App. 567, 141 So. 405 (2 Cir. 1932). Therein the court stated on page 406:
“[4 ] In the recent case of Wallenburg v. Kerry, 16 La.App. 221, 133 So. 823, we had occasion to review the authorities to a considerable extent, applicable to the principles involved in this case, and that case, in some respects, is pertinent to the instant one. It was there held that for business or pecuniary reasons a person may bind himself for payment of the debt of another — make his own obligation the primary, not collateral, obligation, and thereby take the case out of the prohibition laid down in article 2278 of the Civil Code.
“ * $ *»
For further application of this exception see the following: Fuselier v. Hudson, 93 So.2d 266 (La.App., 1 Cir., 1957); Custom Contract Company v. Nims, 145 So.2d 374 (La.App., 4 Cir., 1962); Kemp Furniture Company v. Murrell, 227 So.2d 659 (La.App., 3 Cir. 1969); Schloegel v. New Orleans Disposal Service, 261 So.2d 108 (La.App. 4 Cir., 1972); Toups v. Ace Ready Mix Concrete, Inc., 267 So.2d 255 (La.App. 4 Cir., 1972), and Powell Lumber Co. v. Afco Corporation, 288 So.2d 697 (La.App. 3 Cir., 1974).
It is clear to us that the defendant had no business interest in Mr. Lewis’ opera *175 tion which would serve as the basis for making him responsible for the further credit extended by plaintiff. The debt owed by Mr, Lewis to the defendant’s employer for brick sold would not be sufficient consideration for holding the defendant responsible for the debt of Mr. Lewis.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s cost.
Affirmed.